## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

**CIVIL ACTION NO: 4:19-CV-00149-JHM**

**CHAD BULLOCK**                                                                 **PLAINTIFF**

**V.**

**OTTO IMPORTS, LLC, et al.**                                                    **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant LG Chem America, Inc.'s (LGCAI) Motion

to Dismiss. [DN 6]. Fully briefed, this matter is ripe for decision. For the following reasons,

LGCAI's motion is **DENIED WITHOUT PREJUDICE**.

### I. BACKGROUND

Plaintiff Chad Bullock purchased two batteries online marketed and sold as green

Samsung lithium-ion batteries from Defendant Otto Imports, LLC. [DN 1-2 at 19]. Bullock

purchased the batteries to power his electronic cigarette. [*Id.*]. After Bullock received the

batteries, he placed them in his pocket and went to work. [*Id.*]. While working, Bullock alleges

that he heard a loud sound and suddenly the batteries caused his pants to go up in flames, which

resulted in his injuries. [*Id.*]. Following the incident, Bullock allegedly discovered that the

batteries that he had purchased from Otto Imports were actually rewrapped LG lithium-ion

batteries. [*Id.* at 20]. Bullock alleges that LG sells its lower quality or defective batteries to

other manufactures or distributors of lithium-ion batteries, and those other entities replace the

exterior wrapping and sell the battery under a different name. [*Id.* at 17–18].

Bullock filed suit against Defendants Otto Imports, LGCAI, and LG Chem Co., LTD., in

Ohio County Circuit Court alleging strict liability and negligence claims. [DN 1-2 at 5–32].

LGCAI removed the case to the United States District Court for the Western District of

Kentucky, Owensboro Division based on diversity jurisdiction. [DN 1 at 1]. LGCAI now moves to dismiss based on lack of personal jurisdiction. [DN 6 at 1].

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(2) governs the dismissal of a case based on lack of personal jurisdiction. When faced with a properly supported 12(b)(2) motion, "the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citation omitted). "[T]he court has three procedural alternatives: it may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions." *Id.* (citation omitted). A court has discretion to select the procedural method that it will follow. *Id.* (citations omitted). The parties do not request an evidentiary hearing. "Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'" *Lindsey v. Cargotec USA, Inc.*, No. 4:09-CV-00071-JHM, 2010 WL 3397355, at *1 (W.D. Ky. Aug. 26, 2010) (citing *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)).

## III. DISCUSSION

LGCAI argues that Bullock has not alleged facts that would support the exercise of personal jurisdiction. [DN 6 at 4–7]. Bullock responds that he is "at a minimum entitled to discovery given the averments in the Complaint that LGCAI intentionally targeted Kentucky with defective batteries, LGCAI's admission to having a warehouse in Kentucky, and LGCAI's registration to do business in Kentucky." [DN 8 at 1].

LGCAI has properly supported its motion with an affidavit as evidence that the Court has no personal jurisdiction over it. [DN 6-1]. Bullock has supported his motion with LGCAI's registration with the Kentucky Secretary of State, LCGAI's annual report filed with the Secretary of State, the webpage of a business that sells LG Chem lithium batteries, and a lithium battery safety guide that purports to be for LG Chem products. [DN 8-1, DN 8-2, DN 8-3, DN 8-4]. Since LGCAI is registered to do business in Kentucky, rents a warehouse to store products sold to Kentucky consumers, and engages in limited business activities in Kentucky, Bullock's claim is not clearly frivolous. [DN 8-1, DN 6-1 at 3, DN 9 at 6]. However, Bullock does not provide enough evidence to prove personal jurisdiction. Bullock relies on the broad allegations in his Complaint and does not support his response with enough specific facts to prove that LGCAI would be subject to the Court's jurisdiction. [DN 8 at 4–5]. But Bullock has requested jurisdictional discovery, and the Court will grant this request. Additional facts are needed to ascertain the extent of LGCAI's contacts with Kentucky.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that LGCAI's Motion to Dismiss is **DENIED WIHTOUT PREJUDICE**. LGCAI may refile its motion after Bullock has had an opportunity to conduct limited discovery. **No later than April 6, 2020**, the parties shall complete discovery on the issue of personal jurisdiction. Following discovery, LGCAI may file a renewed motion to dismiss.

Joseph H. McKinley Jr., Senior Judge
United States District Court

January 2, 2020

cc: counsel of record

3