UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO: 4:19-CV-00149-JHM

CHAD BULLOCK                                                                                        PLAINTIFF

V.

OTTO IMPORTS, LLC, et al.                                                                  DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant LG Chem Co. Ltd.'s Motion to Dismiss. [DN 10]. Fully briefed, this matter is ripe for decision. For the following reasons, LG Chem's Motion is **DENIED WITHOUT PREJUDICE**.

### I. BACKGROUND

Plaintiff Chad Bullock purchased two batteries online marketed and sold as green Samsung lithium-ion batteries from Defendant Otto Imports, LLC. [DN 1-2 ¶ 44]. Bullock purchased the batteries to power his electronic cigarette. [*Id.* at ¶ 45]. After Bullock received the batteries, he placed them in his pocket and went to work. [*Id.* ¶¶ 46–47]. While working, Bullock alleges that he heard a loud sound and suddenly the batteries caused his pants to go up in flames, which resulted in his injuries. [*Id.* at ¶ 48–49]. Following the incident, Bullock allegedly discovered that the batteries that he had purchased from Otto Imports were actually rewrapped LG lithium-ion batteries. [*Id.* at ¶ 50]. Bullock alleges that LG sells its lower quality or defective batteries to other manufacturers or distributors of lithium-ion batteries, and those other entities replace the exterior wrapping and sell the battery under a different name. [*Id.* at ¶ 38–39].

Bullock filed suit against Defendants Otto Imports, LG Chem America, Inc. (LGCAI), and LG Chem, in Ohio County Circuit Court alleging strict liability and negligence claims. [DN 1-2 at 5–32]. LGCAI removed the case to the United States District Court for the Western District of

Kentucky, Owensboro Division based on diversity jurisdiction. [DN 1 at 1]. LG Chem now moves to dismiss the case based on lack of personal jurisdiction. [DN 10 at 1].

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(2) governs the dismissal of a case based on lack of personal jurisdiction. When faced with a properly supported 12(b)(2) motion, "the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citation omitted). "[T]he court has three procedural alternatives: it may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions." *Id.* (citation omitted). A court has discretion to select the procedural method that it will follow. *Id.* (citations omitted). The parties do not request an evidentiary hearing. "[T]he court disposing of a 12(b)(2) motion does not weigh the controverting assertions of the party seeking dismissal." *Id.* at 1459 (citations omitted). The Sixth Circuit adopted this rule to "prevent non-resident defendants from regularly avoiding personal jurisdiction simply by filing an affidavit denying all jurisdictional facts." *Id.* (citations omitted). "Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'" *Lindsey v. Cargotec USA, Inc.*, No. 4:09-CV-00071-JHM, 2010 WL 3397355, at *1 (W.D. Ky. Aug. 26, 2010) (citing *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)).

## III. DISCUSSION

LG Chem argues that Bullock "is not entitled to jurisdictional discovery when he offer[s] no reasonable factual basis to expect that discovery would produce evidence of jurisdictionally relevant contacts with Kentucky." [DN 22 at 10]. LG Chem has properly supported its motion with an

affidavit as evidence that the Court has no personal jurisdiction over it. [DN 10-1]. "Of course, [LG Chem] denies any contact with Kentucky sufficient to warrant this Court exercising personal jurisdiction over it, and filed an affidavit with its Motion to Dismiss claiming the same." *Hardesty v. S.I.T., Inc.*, No. 5:17-cv-00108-TBR, 2017 WL 11483968, at *2 (W.D. Ky. Sept. 14, 2017); [DN 10, DN 10-1, DN 22-1].

Additional facts are needed to ascertain the extent of LG Chem's contacts with Kentucky. For instance, LG Chem asserts that LGCAI was "previously a wholly[-]owned subsidiary of [LG Chem], but is currently a wholly[-]owned subsidiary of LG Chem Michigan, Inc." [DN 22-1 ¶ 5]. On the other hand, Bullock alleges that LGCAI is a wholly-owned and fully-controlled subsidiary of LG Chem. [DN 1-2 ¶ 15(n)]. Another example is that LG Chem asserts it does not design, manufacture, distribute, advertise, or sell the batteries at issue, whereas Bullock asserts that LG Chem does. [DN 10-1 ¶ 12]. The Court finds that the issue of whether it may exercise personal jurisdiction over LG Chem warrants limited discovery.

## IV. Conclusion

For the reasons set forth above, **IT IS HEREBY ORDERED** that LG Chem's Motion to Dismiss is **DENIED WITHOUT PREJUDICE**. LG Chem may refile its motion after Bullock has had an opportunity to conduct limited discovery. **No later than July 9, 2020**, the parties shall complete discovery on the issue of personal jurisdiction. Following discovery, LG Chem may file a renewed motion to dismiss.

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

April 6, 2020

cc: counsel of record