**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**
**CIVIL ACTION NO. 4:19-CV-00149-JHM-HBB**

**CHAD BULLOCK**                                                    **PLAINTIFF**

**VS.**

**OTTO IMPORTS, et al.**                                           **DEFENDANTS**

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendant LG Chem America, Inc.'s ("LG") Motion for a Protective Order from Plaintiff's Jurisdictional Discovery Requests (DN 31). Bullock has filed a response (DN 34). LG replied (DN 44). Bullock has also filed a competing Motion to Compel Responses to his discovery requests (DN 42). The motion does not raise new arguments, but requests "affirmative relief" in the event the Court denies LG's Motion for a Protective Order. LG Chem has filed a response (DN 49). Bullock did not reply. The motions are now ripe and ready for determination.[1]

<u>Background</u>

LG filed a motion to dismiss for lack of personal jurisdiction (DN 6). The Court denied the motion without prejudice (DN 12). The Court found that Bullock had not "provided enough evidence to prove personal jurisdiction" over LG. The Court ordered the parties to engage in discovery limited to the question of personal jurisdiction.

---

[1] This action has been referred to the undersigned for determination of non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A).

Bullock served LG with 163 discovery requests.  LG has objected to most of them arguing, "the vast majority… make no pretense whatsoever of complying with the Court's limitations." (DN 31 PageID # 366).   LG argues the requests improperly seek information related to the merits of the case, information regarding LG's contacts with the United States generally (as opposed to Kentucky), information from entities other than LG, information that post-dates the incident, and information concerning products other than the specific battery at issue.

In response, Bullock agreed to withdraw or limit a few discovery requests, but maintains that LG should be required to answer most of his served requests (DN 34).  He claims that LG has, to date, not produced a single record.  He asks this Court to compel LG to answer all discovery requests except for those he has agreed to withdraw (DN 42).

Discussion

Federal courts generally follow state law in determining the bounds of their jurisdiction over persons. *See* Fed. R. Civ. P. 4(k)(1)(A).  Kentucky's long-arm statute allows the exercise of personal jurisdiction over defendants who, among other things, cause "tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth, provided that the tortious injury occurring in this Commonwealth arises out of the doing or soliciting of business or a persistent course of conduct or derivation of substantial revenue within the Commonwealth."  KRS § 454.210(2)(a)(4).

There are two kinds of personal jurisdiction that a court may exercise over a foreign defendant— "general jurisdiction" and "specific jurisdiction." General jurisdiction exists if the defendant's contacts with the forum are "so substantial and of such a nature as to justify suit against

2

it on causes of action arising from dealings entirely distinct from those activities." Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement, 326 U.S. 310, 318 (1945). Specific jurisdiction, on the other hand, exists where the litigation is derived from obligations that "arise out of or are connected with the [company's] activities within the state." *Id.* at 319.  At issue in this case is whether LG's activities within the Commonwealth of Kentucky subject it to specific jurisdiction in this Court.

The Sixth Circuit has adopted the "stream of commerce plus" test to determine if personal jurisdiction exists over a defendant.  Bridgeport Music, Inc. v. Still N The Water Pub., 327 F.3d 472 (6th Cir. 2003).  Under this test, "the placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum state." Bridgeport Music, 327 F.3d 472 at 479 (quoting Asahi Metal Industry Company, Ltd. v. Superior Court, 480 U.S. at 112 (1987)).  "The 'substantial connection' between the defendant and the forum State necessary for a finding of minimum contacts must come about by an action of the defendant purposefully directed toward the forum State." Asahi, 480 U.S. at 112 (1987) (internal citations omitted).  Such actions may include, but are not limited to, advertising in the forum state, establishing channels for providing regular advice to customers in the forum State, or marketing a product through a distributor who has agreed to serve as the sales agent in the forum State." Id. Factors Courts should consider include, the defendants direction or control over the flow of the product into the forum; the quantity of the defendant's particular product regularly flowing into the forum; and the distinctive features of the forum that connect it with the product in question. "One Media IP Ltd. V. S.A.A.R. SrL, 122 F.Supp.3d 705, 717 (M.D. Tenn. 2015).

Importantly, a plaintiff can demonstrate contacts with the forum state by establishing the defendant made a "deliberate decision" to distribute its product throughout all 50 states.  Tobin v.

3

Astra Pharm. Prod., Inc., 993 F.2d 528 (6th Cir. 1993).  In Tobin, Duphar, a Dutch pharmaceutical company, "sought out and negotiated" a licensing agreement with co-defendant, Astra Pharmaceuticals.  Under that agreement, Astra was to distribute Duphar's drug throughout the United States.  993 F.2d 528 at 543.  The Court reasoned Duphar's negotiated contract with Astra created "something more than mere awareness that the stream of commerce will sweep the product into the forum state."  Id. (citing Asahi, 480 U.S. at 111).  Duphar made a deliberate decision to market its product in all 50 states, including Kentucky, the forum state.  Id.

The Sixth Circuit reaffirmed this principle in Bridgeport Music v. Still N The Water, 327 F.3d 472 (6th Cir. 2003), and officially adopted the stream of commerce plus test first articulated by Justice O'Connor.  The Court found Defendant DM had purposefully availed itself of the Tennessee market because it entered into a nationwide distribution contract.  The contract sought distribution throughout "the United States, its territories, commonwealth, possessions…" Bridgeport, 327 F.2d at 483.  The "primary emphasis" of its decision was DM's deliberate decision to distribute its product in all 50 states.  The Court found, as in Tobin, DM did nothing in particular to target Tennessee distinguishable from any other state in the union.  Nevertheless, because the defendant deliberately targeted all 50 states, a "prima facie purposeful availment finding" was warranted.  Id. at 484.  See also, Parker v. Winwood, 938 F.3d 833, 841 (6th Cir. 2019).

LG contends that discovery requests seeking information about contacts outside of Kentucky "directly contravene this Courts order and are [sic] irrelevant to the jurisdictional issue presented."  This argument misses the mark.  Any discovery requests presented by Bullock seeking information about LG's actions directed towards other forums, to the extent they exist, will be dismissed by this Court. But Sixth Circuit case law makes clear that LG can establish sufficient contacts with Kentucky by purposefully availing itself of the entire United States market.  LG will

be required to respond to discovery requests seeking information that LG targeted the entire United States, not only Kentucky specifically.

But importantly, this Court is not presently deciding whether LG is subject to personal jurisdiction in a Kentucky court. The task at hand is to determine which of Bullock's 163 discovery requests LG must answer. See Fed. R. Civ. P. 26(c). A party seeking a protective order must show good cause for issuing the order. "Good cause" is established on a showing that disclosure of the information will work a clearly defined and serious injury to the party seeking protection under the rule. Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984); Avirgan v. Hull, 118 F.R.D. 252, 254 (D. D.C. 1987).

LG objects to the vast majority of Bullock's discovery requests. LG raises six different objections, primarily contesting the relevancy of the request (DN 31). Once an objection to the relevance of the information sought is raised, the party seeking discovery must demonstrate that the requests are relevant to the claims or defenses in the pending action. If that party demonstrates relevancy, the party resisting discovery bears the burden of demonstrating why the request is unduly burdensome or otherwise not discoverable under the Federal Rules. Anderson v. Dillard's, Inc., 251 F.R.D. 307 (W.D. Tenn. 2008). Parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportionate to the needs of the case…." Fed. R. Civ. P. 26(b)(1). This language is liberally construed to permit broad discovery. State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic, P.C., 315 F.R.D. 220 (E.D. Mich. 2016).

LG objects to several discovery requests arguing the temporal scope of the request is either unduly burdensome or seeks irrelevant information. (DN 31 PageID # 377). The parties reached a compromise and agreed **all discovery requests should be temporally limited to four years**

5

**preceding the events concerning this lawsuit.  The Court will honor that compromise**.  The Court will not limit discovery requests to events preceding the subject incident.  There is no rule forbidding the discovery of information or records produced after the subject incident.  The touchstone is relevancy.  *See* Kline v. Mortg. Elec. Sec. Sys., No. 3:08-CV-408, 2014 WL 4928984 (S.D. Ohio Oct. 1, 2014), on reconsideration in part, No. 3:08-CV-408, 2014 WL 5460575 (S.D. Ohio Oct. 27, 2014).  Bullock argues the "sales or distribution in the immediate aftermath of the incident would be relevant to sales agreements, distribution agreements, and marketing efforts before the incident." (DN 34 PageID # 631).  The Court concurs, especially considering the lenient relevancy standard applied to discovery.   LG has made no argument that producing this information and documents will be unduly burdensome.  *See* Anderson v. Dillard's, Inc., 251 F.R.D. 307 (W.D. Tenn. 2008).  The Court will require **information requested up to one year after the subject incident**.  Similarly, **no request will be limited to the extent it seeks "information about LG Chem America's physical presence in Kentucky."** (DN 34 PageID # 632).  LG argues this information is not by itself enough to establish personal jurisdiction (DN 44 PageID # 1084).  While true, this Court is only considering if the information is relevant for the purposes of discovery—it is.  Whether it is enough to establish personal jurisdiction is a question left for another day.

At present, discovery is limited to the question of personal jurisdiction.  With that in mind, this Court has reviewed all of LG's objections to Bullock's discovery requests to determine which requests are relevant to determining if LG is subject to personal jurisdiction in the Western District of Kentucky.  LG's Motion for a Protective Order is **GRANTED IN PART** and **DENIED IN PART.  LG must answer the designated discovery requests by July 9, 2020 (DN 43).** Bullock's Motion to Compel is **GRANTED IN PART and DENIED in PART.**  The Court's ruling on each

discovery request can be found in the attached appendix.  Bullock's Motion for Extension of Time **(DN 36) is now moot**.

May 12, 2020

*H. Brent Brennenstuhl*
**H. Brent Brennenstuhl**
**United States Magistrate Judge**

7

## Appendix

This appendix contains the Court's rulings on the 163 discovery requests issued by Chad Bullock and objected to by LG Chem America.  LG argued six primary objections.  Often, raising multiple objections to one discovery request.  For the sake of clarity and thoroughness, the Court addressed all objections to each discovery request.  If a request is marked "Granted" it means LG's Motion for a Protective Order has been granted as to the marked request.  If a request is marked "Denied" LG's Motion for a Protective Order has been denied as to that request.  If the request is "Granted in part" it means LG's objection was sustained, but the Court altered the discovery request to bring it in compliance with the Federal Rules.  The alterations will be in *italic* type face. LG is ordered to respond to all requests marked **DENIED** or **GRANTED IN PART.**

LG's six objections are:

1. "Plaintiffs merits 'based requests exceed the limited scope of discovery this court allowed and are patently irrelevant to the jurisdictional issue presented." (DN 31 PageID # 371)

2. "Any request seeking information regarding LGCAI's contacts outside Kentucky directly contravenes this Court's prior orders and is irrelevant to the jurisdictional issue presented." (Id. at 374).

3. "Any request purportedly directed to entities other that LGCAI, including other LG entities, is improper." (Id. at 376).

4. "Any request seeking information post-dating the subject incident is irrelevant to the jurisdictional issue presented." (Id. at 377).

5. "Any request seeking information about products other than LG 18650 Lithium Ion Battery Cells is overbroad and irrelevant to the jurisdictional issue presented." (Id. at 379).

6. "Plaintiffs requests for admissions improperly seek legal conclusions." (Id. at 380).

The Court has addressed each objection below.

- **Interrogatory 1: Denied.**
  - o Objection 3: Denied. The sale of batteries by LG, parent companies, subsidiaries, affiliate corporations, agents, and contractors on LG's behalf within the state of Kentucky are relevant to proving LG's contacts with Kentucky.  *See* <u>Fortis v. Viken Ship</u>, 450 F.3d 214, 220 (6th Cir. 2006) ("In the non-shipping context, we have repeatedly held, as have other courts, that a defendant's interposition of an independent middleman between itself and the forum does not by itself place the defendant outside of that forum's reach.") *See also*, <u>Tobin v. Astra Pharm</u>., 993 F. 2d 529, 544 (6th Cir. 1993) ("The defendant cannot expect to rely solely on the use of an independent distributor to insulate it from suit").
- **Interrogatory 2: Denied**
  - o Objection 3: Denied. See Interrogatory 1.
- **Interrogatory 3: Denied**
  - o Objection 3: Denied. See Interrogatory 1.
- **Interrogatory 4: Denied.**
  - o Objection 2: Denied. Information pertaining to any potential LG Chem America subsidiary or other business entity in the United States is relevant to determining if LG targeted Kentucky, a region containing Kentucky, or the entire United States with its products.

  - o Objection 3: Denied. See Interrogatory 1.

  - o Objection 5: *Plaintiff agreed to limit inquiry to LG 18650 batteries.*
- **Interrogatory 5: Denied**
  - o Objection 1: Denied. Courts have routinely permitted discovery of prior lawsuits against a defendant. See <u>Papineau v. Brake Supply Co., Inc.</u>, No. 418CV00168JHMHBB, 2019 WL 6139097 (W.D. Ky. Nov. 19, 2019), <u>objections overruled,</u> No. 4:18-CV-00168-JHM, 2020 WL 496513 (W.D. Ky. Jan. 30, 2020). Records in prior lawsuits are reasonably calculated to lead to the discovery of evidence relevant to jurisdictional issues.

  - o Objection 2: Denied. Courts have routinely permitted discovery of prior lawsuits against a defendant. See <u>Papineau v. Brake Supply Co., Inc.</u>, No. 418CV00168JHMHBB, 2019 WL 6139097 (W.D. Ky. Nov. 19, 2019), <u>objections overruled,</u> No. 4:18-CV-00168-JHM, 2020 WL 496513 (W.D. Ky. Jan. 30, 2020). Records in prior lawsuits are reasonably calculated to lead to the discovery of evidence relevant to jurisdictional issues.

  - o Objection 3: Denied. See Interrogatory 1.

  - o Objection 5: *Plaintiff agreed to limit inquiry to LG 18650 batteries.*

- **Interrogatory 6: Denied**
  - o  Objection 2: Denied. See Interrogatory 5.

  - o  Objection 3: Denied. See Interrogatory 1.

  - o  Objection 5: *Plaintiff agreed to limit inquiry to LG 18650 batteries.*
- **Interrogatory 7: Denied**
  - o  Objection 2: Denied. See Interrogatory 5.

  - o  Objection 3: Denied. See Interrogatory 1.

  - o  Objection 5: *Plaintiff agreed to limit inquiry to LG 18650 batteries.*
- **Interrogatory 8: No objections.**
- **Interrogatory 9: Denied**
  - o  Objection 2: Denied. The manufacture, distribution, and sales, of LG batteries for distribution in distribution in the United States, whether distributed by LG, or sold by another entity it relevant to determining if LG "purposefully availed" itself of the entire United States market, including Kentucky. See <u>Tobin v. Astra Pharm. Prod., Inc.</u>, 993 F.2d 528, 543 (6th Cir. 1993).
- **Interrogatory 10: Granted in part.**
  - o  Objection 2: Granted in part. LG's purchase of liability insurance is only relevant in the state of Kentucky. *LG must only answer whether it has purchased insurance coverage for liability arising in Kentucky.*
- **Interrogatory 11: No objections.**
- **Interrogatory 12: Denied.**
  - o  Objection 2: Denied. LG's marketing and advertising practices in the United States is relevant to determining LG's contacts with Kentucky. See <u>Bridgeport Music v. Still N The Water</u>, 327 F.3d 472, 483-84 (6th Cir. 2003) ("advertising is among the activities that constitute 'reaching out' to forum state residents.")

  - o  Objection 3: Denied See Interrogatory 1.

  - o  Objection 5: *Plaintiff agreed to limit inquiry to LG batteries.*
- **Interrogatory 13: No objections**
- **Interrogatory 14: No objections.**
- **Interrogatory 15: Granted in part.**
  - o  Objection 3: Denied. See Interrogatory 1.

  - o  Objection 5: Granted. The request is overbroad. *The contacts should be limited to contacts concerning LG 18650 battery.*

- **Interrogatory 16: Denied**
  - o Objection 3: Denied. See Interrogatory 1.

  - o Objection 4: Denied. LG and its affiliates physical presence in Kentucky is relevant to proving jurisdiction. LG argues this information is not by itself enough to establish personal jurisdiction (DN 44 PageID # 1084). While true, this Court is only considering if the information is relevant for the purposes of discovery.

  - o Objection 5: Denied. The request seeks information related to the LG's physical presence in Kentucky (DN 34 PageID # 633). The information is relevant to proving personal jurisdiction. LG's reliance on Stuart is misplaced. Stuart v. Lowe's Home Centers, LLC, No. 4:17-CV-00077-JHM, 2017 WL 4875281 (W.D. Ky. Oct. 27, 2017), aff'd, 737 F. App'x 278 (6th Cir. 2018). In Stuart, the Court held the fact that a defendant has a registered agent in Kentucky does not tip the scales in favor of purposeful availment." However, Stuart was determining if personal jurisdiction existed over the Defendant. This Court is determining what is relevant for the purposes of discovery—a much more lenient standard.

- **Interrogatory 17: Granted in part**
  - o Objection 2: Granted in part. It is only relevant to jurisdiction if LG was qualified to do business in the forum state. *LG must only answer if it has ever been qualified to do business in Kentucky.*

  - o Objection 3: Denied. See Interrogatory 1.

  - o Objection 4: Denied. LG and its affiliates physical presence in Kentucky is relevant to proving jurisdiction. LG argues this information is not by itself enough to establish personal jurisdiction (DN 44 PageID # 1084). While true, this Court is only considering if the information is relevant for the purposes of discovery.

  - o Objection 5: Denied: See Interrogatory 16.

- **Interrogatory 18: Denied**
  - o Objection 1: Denied. The operation of a website, its purpose, and whether it is accessible in the United States and Kentucky is relevant to determine if LG purposefully directed its product toward Kentucky.

  - o Objection 2: Denied. LG's operation of a website the specific information requested by Bullock is relevant to determining LG's contacts with Kentucky. Infra p. 3-5.

  - o Objection 3: Denied. See Interrogatory 1.

  - o Objection 5: *Plaintiff agreed to limit inquiry to LG 18650 batteries.*

- **Interrogatory 19**: **Denied**
  - o Objection 3: Denied. The request is appropriately limited to LG's revenue.

- **Interrogatory 20: Denied**
  - Objection 4: Denied. LG and its affiliates physical presence in Kentucky is relevant to proving jurisdiction. LG argues this information is not by itself enough to establish personal jurisdiction (DN 44 PageID # 1084).  While true, this Court is only considering if the information is relevant for the purposes of discovery.

  - Objection 5: Denied. See Interrogatory 16.
- **Interrogatory 21: Denied**
  - Objection 1: Denied. The interrogatory is limited to LG's actions in Kentucky. It is relevant to determining if LG knew its batteries were sold in Kentucky and if LG intended they be sold in Kentucky.
- **Interrogatory 22: Denied**
  - Objection 1: Denied. The interrogatory is limited to LG's actions in Kentucky. It is relevant to determining if LG knew its batteries were sold in Kentucky and intended they be sold in Kentucky for use in electronic cigarettes.
- **Interrogatory 23: Granted**
  - Objection 1: Granted. Communications within LG regarding the overheating or catching fire of its batteries, even in the Kentucky market, are not relevant to determining LG's contacts with Kentucky.

  - Objection 3: Denied. The request is appropriately limited to LG's communications.
- **Interrogatory 24: No objections**
- **Interrogatory 25: Granted**
  - Objection 2: Granted. Whether LG accepts communications from the United States is not relevant to determining LG's contacts with Kentucky.

  - Objection 3: Denied. See Interrogatory 1.

  - Objection 5: Plaintiff agreed to limit inquiry to LG 18650 batteries.
- **Request for Production 1: Denied**
  - Objection 3: Denied. The sale of batteries by LG, parent companies, subsidiaries, affiliate corporations, agents, and contractors on LG's behalf within the state of Kentucky are relevant to proving LG's contacts with Kentucky.  *See* Fortis v. Viken Ship, 450 F.3d 214, 220 (6th Cir.) ("In the non-shipping context, we have repeatedly held, as have other courts, that a defendant's interposition of an independent middleman between itself and the forum does not by itself place the defendant outside of that forum's reach.") *See also*, Tobin v. Astra Pharm., 993 F. 2d 529, 544 (6th Cir. 1993) ("The defendant cannot expect to rely solely on the use of an independent distributor to insulate it from suit").
- **Request for Production 2: Denied**
  - Objection 3: Denied See Request for Production 1.
- **Request for Production 3: Denied**
  - Objection 3: Denied See Request for Production 1.
- **Request for Production 4: Denied**
  - Objection 3: Denied See Request for Production 1.

- **Request for Production 5: Denied**
  - Objection 3: Denied See Request for Production 1.
- **Request for Production 6: Denied**
  - Objection 3: Denied See Request for Production 1.
- **Request for Production 7: Denied**
  - Objection 3: Denied See Request for Production 1.
- **Request for Production 8: Denied**
  - Objection 3: Denied See Request for Production 1.
- **Request for Production 9: Denied**
  - Objection 3: Denied See Request for Production 1.
- **Request for Production 10: Denied**
  - Objection 3: Denied See Request for Production 1.
- **Request for Production 11: Denied**
  - Objection 3: Denied See Request for Production 1.
- **Request for Production 12: Denied**
  - Objection 3: Denied See Request for Production 1.
- **Request for Production 13: Denied**
  - Objection 3: Denied See Request for Production 1.
- **Request for Production 14: Denied**
  - Objection 3: Denied See Request for Production 1.
- **Request for Production 15: Denied**
  - Objection 3: Denied See Request for Production 1.
- **Request for Production 16: Denied**
  - Objection 3: Denied See Request for Production 1.
- **Request for Production 17: Denied**
  - Objection 3: Denied See Request for Production 1.
- **Request for Production 18: No objections.**
- **Request for Production 19: No objections.**
- **Request for Production 20: No objections.**
- **Request for Production 21: No objections.**
- **Request for Production 22: No objections.**
- **Request for Production 23: No objections.**
- **Request for Production 24: No objections.**
- **Request for Production 25: Denied**
  - Objection 1: Denied. This request is limited to LG's business activities in the Commonwealth of Kentucky. Tests, studies, or analysis conducted by LG or on its behalf within the state of Kentucky is relevant to determining if Plaintiff can satisfy the "stream of commerce plus" test. *See* Asahi Metal Industry Company, Ltd. v. Superior Court, 480 U.S. 102, 107 (1987) (O'Connor, J.) (plurality op.) *See also*, Bridgeport Music, Inc. v. Still N The Water Pub., 327 F.3d 472 (6th Cir. 2003) (adopting stream of commerce plus test).
- **Request for Production 26: Granted in part**
  - Objection 5: Granted. *The request should be limited to LG 18650 batteries.*

13

- **Request for Production 27: Granted in part**
  - o Objection 2: Granted in part. Documents related to vertical markets to which LG sells and markets its batteries are relevant to determining LG's contacts with Kentucky. *However, the request must be limited to vertical markets in Kentucky, regions containing Kentucky, or the entire United States.* Infra p. 3-5.
- **Request for Production 28: Granted in part**
  - o Objection 1: Granted in part. Information relating to LG batteries in use in vaping, electronic cigarettes, or similar devices is not relevant. The distribution and sale of LG batteries for use in vaping, electronic cigarettes, or similar devices is relevant. *However, the request should be limited to distribution and sale in Kentucky, a region that includes Kentucky, or the entire United States.* Infra p. 3-5.

  - o Objection 2:  Granted in part. Documents related to LG batteries' use or distribution for sale for use in vaping, electronic cigarette, or similar devices is relevant to determining LG's contacts with Kentucky. *However, the request must be limited to distribution and sales in Kentucky, a region containing Kentucky, or throughout the entire United States.* Infra p. 3-5.
- **Request for Production 29: Granted**
  - o Objection 1: Granted. Steps taken by LG to prevent its batteries from being used in vaping devices, electronic cigarettes, or similar devices is not relevant to determining if LG targeted its products toward Kentucky.

  - o Objection 2: Granted. Steps LG has taken to prevent its batteries from being used in vaping and e-cigarette devices are not relevant to determining LG's contacts
- **Request for Production 30: Granted**
  - o Objection 1: Granted. Communications LG received that their batteries caught fire, exploded, or overheated in Kentucky is not relevant to determining LG's contacts with Kentucky.
- **Request for Production 31: Granted**
  - o Objection 1: Granted. Communications LG received regarding the safety of LG batteries is not relevant to determining LG's contacts with Kentucky.
- **Request for Production 32: Granted**
  - o Objection 1: Granted. Communications LG received related to LG batteries causing physical injuries to any person in Kentucky is not relevant to determining LG's contacts with Kentucky.
- **Request for Production 33: Granted in part**
  - o Objection 1: Granted in part. Documents pertaining to internal investigations, study, or analysis are not relevant to determining LG's contacts with Kentucky. *But, internal investigations, study, or analysis pertaining to the online purchase and distribution of LG batteries for use in vaping, electronic cigarettes, or similar devices are relevant to determining LG's contacts with Kentucky.*

  - o Objection 2: Denied. Internal investigations, studies, and analysis of LG batteries use in vaping and electronic cigarette products and the online purchase and distribution for same purpose is relevant to determining LG's contacts with Kentucky. Infra 3-5.

- **Request for Production 34: Granted**
  - o Objection 1: Granted. Documents pertaining to Google Alerts or other internet searches set up by LG in order to detect unauthorized distribution of its product are not relevant to determining LG's contacts with Kentucky.

  - o Objection 2: Granted. Documents related to Google Alerts established by LG are not relevant to determining LG's contacts with Kentucky.

  - o Objection 5: Granted.
- **Request for Production 35: Denied**
  - o Objection 1: Denied. Cease and desist letters to online retailers advertising the sale of LG batteries in Kentucky is relevant to determining LG's contacts with Kentucky.
- **Request for Production 36: Denied**
  - o Objection 1: Denied. Cease and desist letter to online retailers advertising the sale of LG batteries for the use in vaping, electronic cigarettes, or similar devices in Kentucky is relevant to determining LG's contacts with Kentucky.
- **Request for Production 37: Granted**
  - o Objection 1: Granted. Documents pertaining to steps take to prevent unauthorized sales in Kentucky are not relevant to determining LG's contacts with Kentucky.
- **Request for Production 38: Denied**
  - o Objection 1: Denied. Statements, representations, or assurances by LG and its agents that batteries are compliant with the laws of the United States, any region that contains Kentucky, Kentucky, or any municipality within Kentucky are relevant to determining if LG purposefully directed its products to Kentucky. <u>Mott v. Schelling & Company</u>, No. 91–1540, 1992 WL 116014, 1992 U.S.App. LEXIS 12273 (6th Cir. May 29, 1992) (Court found it significant United States standards were taken into account in the design and manufacture of its product).

  - o Objection 2: Denied. Statements, representations, or assurance by LG and its associates that its batteries are compliant with the laws of the United States, any region that contains Kentucky, Kentucky, or any municipality within Kentucky are relevant to determining LG's contacts with Kentucky. Infra 3-5.

  - o Objection 3: Denied. See Request for Production 1.

  - o Objection 5: Denied.

- **Request for Production 39: Denied**
  - o Objection 1: Denied. Statements, representations, or assurance by LG and its agents that any device that includes LG batteries is compliant with the laws of the United States, any geographic region that contains Kentucky, Kentucky, or any municipality with Kentucky is not relevant to determining LG's contacts with Kentucky. <u>Mott v. Schelling & Company</u>, No. 91–1540, 1992 WL 116014, 1992 U.S.App. LEXIS 12273 (6th Cir. May 29, 1992).

  - o Objection 2: Denied. See Request for Production 38.

  - o Objection 3: Denied. See Request for Production 1.
- **Request for Production 40: Denied**
  - o Objection 5: Denied. The request seeks information related to the LG's physical presence in Kentucky (DN 34 PageID # 633).  The information is relevant to proving personal jurisdiction. LG's reliance on Stuart is misplaced. <u>Stuart v. Lowe's Home Centers, LLC</u>, No. 4:17-CV-00077-JHM, 2017 WL 4875281 (W.D. Ky. Oct. 27, 2017), <u>aff'd,</u> 737 F. App'x 278 (6th Cir. 2018).  In <u>Stuart</u>, the Court held the fact that a defendant has a registered agent in Kentucky does not tip the scales in favor of purposeful availment." However, <u>Stuart</u> was determining if personal jurisdiction existed over the Defendant. This Court is determining what is relevant for the purposes of discovery—a much more lenient standard.
- **Request for Production 41: Denied**
  - o Objection 2: Denied. Documents sent to and received from Otto Imports are relevant to determining if LG had a business relationship with Otto Imports in which LG knew its batteries would be sold, marketed, or distributed in Kentucky, a region containing Kentucky, or throughout the entire United States. Infra 3-5.

  - o Objection 5: Granted. The request should be limited to communications related to sales and/or distribution of LG 19650 batteries.
- **Request for Production 42: Granted in part**
  - o Objection 2: Denied. See Request for Production 41.

  - o Objection 5: Granted. *The request should be limited to communications related to sales and/or distribution of LG 19650 batteries.*
- **Request for Production 43: Granted in part**
  - o Objection 2: Denied. See Request for Production 41.

  - o Objection 5: Granted. *The request should be limited to communications related to sales and/or distribution of LG 19650 batteries.*
- **Request for Production 44: Denied**
  - o Objection 4: Denied. LG and its affiliates physical presence in Kentucky is relevant to proving jurisdiction. LG argues this information is not by itself enough to establish personal jurisdiction (DN 44 PageID # 1084).  While true, this Court is only considering if the information is relevant for the purposes of discovery.

  - o Objection 5: Denied. See Request for Production 40.

16

- **Request for Production 45: Denied**
  - Objection 4: Denied. LG and its affiliates physical presence in Kentucky is relevant to proving jurisdiction. LG argues this information is not by itself enough to establish personal jurisdiction (DN 44 PageID # 1084).  While true, this Court is only considering if the information is relevant for the purposes of discovery.

  - Objection 5: Denied. See Request for Production 40.
- **Request for Production 46: Denied**
  - Objection 4: Denied. LG and its affiliates physical presence in Kentucky is relevant to proving jurisdiction. LG argues this information is not by itself enough to establish personal jurisdiction (DN 44 PageID # 1084).  While true, this Court is only considering if the information is relevant for the purposes of discovery.

  - Objection 5: Denied. See Request for Production 40.
- **Request for Production 47: Denied**
  - Objection 1: Denied. Documents related to any lawsuit, agency proceeding, formal complaint, or informal complaint against LG is relevant to determining LG's contacts with Kentucky.  Courts have routinely permitted discovery of prior lawsuits against a defendant.  See Papineau v. Brake Supply Co., Inc., No. 418CV00168JHMHBB, 2019 WL 6139097 (W.D. Ky. Nov. 19, 2019), objections overruled, No. 4:18-CV-00168-JHM, 2020 WL 496513 (W.D. Ky. Jan. 30, 2020). The fact that discovery is presently limited to jurisdictional questions does not vitiate this general rule. Prior lawsuits almost certainly addressed issues of jurisdiction.

  - Objection 2: Denied. Documents related to any lawsuit, agency proceeding, formal complaint, or informal complaint against LG is relevant to determining LG's contacts with Kentucky.  Courts have routinely permitted discovery of prior lawsuits against a defendant.  See Papineau v. Brake Supply Co., Inc., No. 418CV00168JHMHBB, 2019 WL 6139097 (W.D. Ky. Nov. 19, 2019), objections overruled, No. 4:18-CV-00168-JHM, 2020 WL 496513 (W.D. Ky. Jan. 30, 2020). The fact that discovery is presently limited to jurisdictional questions does not vitiate this general rule. Prior lawsuits almost certainly addressed issues of jurisdiction.

  - Objection 3: Denied. See Request for Production 1.

  - Objection 5: Denied. Courts have routinely permitted discovery of prior lawsuits against a defendant. See Papineau v. Brake Supply Co., Inc., No. 418CV00168JHMHBB, 2019 WL 6139097 (W.D. Ky. Nov. 19, 2019), objections overruled, No. 4:18-CV-00168-JHM, 2020 WL 496513 (W.D. Ky. Jan. 30, 2020). Records in prior lawsuits are reasonably calculated to lead to the discovery of evidence relevant to jurisdictional issues.
- **Request for Admission 1: No objection.**

- **Request for Admission 2: Denied**
  - o Objection 4: Denied. LG and its affiliates physical presence in Kentucky is relevant to proving jurisdiction. LG argues this information is not by itself enough to establish personal jurisdiction (DN 44 PageID # 1084). While true, this Court is only considering if the information is relevant for the purposes of discovery.

  - o Objection 5: Denied. The request seeks information related to the LG's physical presence in Kentucky (DN 34 PageID # 633). The information is relevant to proving personal jurisdiction. LG's reliance on Stuart is misplaced. <u>Stuart v. Lowe's Home Centers, LLC</u>, No. 4:17-CV-00077-JHM, 2017 WL 4875281 (W.D. Ky. Oct. 27, 2017), <u>aff'd,</u> 737 F. App'x 278 (6th Cir. 2018). In <u>Stuart</u>, the Court held the fact that a defendant has a registered agent in Kentucky does not tip the scales in favor of purposeful availment." However, <u>Stuart</u> was determining if personal jurisdiction existed over the Defendant. This Court is determining what is relevant for the purposes of discovery—a much more lenient standard.

- **Request for Admission 3: Denied**
  - o Objection 4: Denied. LG and its affiliates physical presence in Kentucky is relevant to proving jurisdiction. LG argues this information is not by itself enough to establish personal jurisdiction (DN 44 PageID # 1084). While true, this Court is only considering if the information is relevant for the purposes of discovery.

  - o Objection 5: Denied. See Request for Admission 2.

- **Request for Admission 4: Denied**
  - o Objection 4: Denied. LG and its affiliates physical presence in Kentucky is relevant to proving jurisdiction. LG argues this information is not by itself enough to establish personal jurisdiction (DN 44 PageID # 1084). While true, this Court is only considering if the information is relevant for the purposes of discovery.

  - o Objection 5: *Plaintiff agreed to limit to LG 18650 batteries.*

- **Request for Admission 5: Denied**
  - o Objection 4: Denied. LG and its affiliates physical presence in Kentucky is relevant to proving jurisdiction. LG argues this information is not by itself enough to establish personal jurisdiction (DN 44 PageID # 1084). While true, this Court is only considering if the information is relevant for the purposes of discovery.

  - o Objection 5: *Plaintiff agreed to limit to LG 18650 batteries.*

- **Request for Admission 6: Denied**
  - o Objection 4: Denied. LG and its affiliates physical presence in Kentucky is relevant to proving jurisdiction. LG argues this information is not by itself enough to establish personal jurisdiction (DN 44 PageID # 1084). While true, this Court is only considering if the information is relevant for the purposes of discovery.

  - o Objection 5: *Plaintiff agreed to limit to LG 18650 batteries.*

- **Request for Admission 7: Denied**
  - Objection 4: Denied. LG and its affiliates physical presence in Kentucky is relevant to proving jurisdiction. LG argues this information is not by itself enough to establish personal jurisdiction (DN 44 PageID # 1084).  While true, this Court is only considering if the information is relevant for the purposes of discovery.

  - Objection 5: *Plaintiff agreed to limit to LG 18650 batteries.*
- **Request for Admission 8: Denied**
  - Objection 4: Denied. LG and its affiliates physical presence in Kentucky is relevant to proving jurisdiction. LG argues this information is not by itself enough to establish personal jurisdiction (DN 44 PageID # 1084).  While true, this Court is only considering if the information is relevant for the purposes of discovery.

  - Objection 5: Denied. See Request for Admission 2.
- **Request for Admission 9: Denied**
  - Objection 4: Denied. LG and its affiliates physical presence in Kentucky is relevant to proving jurisdiction. LG argues this information is not by itself enough to establish personal jurisdiction (DN 44 PageID # 1084).  While true, this Court is only considering if the information is relevant for the purposes of discovery.

  - Objection 5: Denied. See Request for Admission 2.
- **Request for Admission 10: Denied**
  - Objection 4: Denied. LG and its affiliates physical presence in Kentucky is relevant to proving jurisdiction. LG argues this information is not by itself enough to establish personal jurisdiction (DN 44 PageID # 1084).  While true, this Court is only considering if the information is relevant for the purposes of discovery.

  - Objection 5: Denied. See Request for Admission 2.
- **Request for Admission 11: Denied**
  - Objection 4: Denied. LG and its affiliates physical presence in Kentucky is relevant to proving jurisdiction. LG argues this information is not by itself enough to establish personal jurisdiction (DN 44 PageID # 1084).  While true, this Court is only considering if the information is relevant for the purposes of discovery.
  - Objection 5: Denied. See Request for Admission 2.
- **Request for Admission 12: Denied**
  - Objection 3: Denied. The sale of batteries by LG, parent companies, subsidiaries, affiliate corporations, agents, and contractors on LG's behalf within the state of Kentucky are relevant to proving LG's contacts with Kentucky.  *See* Fortis v. Viken Ship, 450 F.3d 214, 220 (6th Cir.) ("In the non-shipping context, we have repeatedly held, as have other courts, that a defendant's interposition of an independent middleman between itself and the forum does not by itself place the defendant outside of that forum's reach.") *See also*, Tobin v. Astra Pharm., 993 F. 2d 529, 544 (6th Cir. 1993) ("The defendant cannot expect to rely solely on the use of an independent distributor to insulate it from suit").
  - Objection 4: Denied. LG and its affiliates physical presence in Kentucky is relevant to proving jurisdiction. LG argues this information is not by itself enough to

establish personal jurisdiction (DN 44 PageID # 1084).  While true, this Court is only considering if the information is relevant for the purposes of discovery.

- o   Objection 5: Denied. See Request for Admission 2.
- **Request for Admission 13: Denied**
  - o   Objection 5: *Plaintiff agreed to limit to LG 18650 batteries.*
- **Request for Admission 14: Denied**
  - o   Objection 3: Denied. See Request for Admission 1.

  - o   Objection 5: *Plaintiff agreed to limit to LG 18650 batteries.*
- **Request for Admission 15: Granted in part**
  - o   Objection 2: Granted in part. *It is only relevant if LG markets, sells, or distributes 18650 batteries in Kentucky, a region that contains Kentucky, or throughout the entire United States. Infra 3-5.*
- **Request for Admission 16: Denied**
  - o   Objection 2: Denied. Whether LG knowingly placed 18650 batteries in the stream of United States commerce is relevant to proving LG's contacts with Kentucky. Infra 3-5.
- **Request for Admission 17: No objections.**
- **Request for Admission 18: Denied**
  - o   Objection 1: Denied. Representations to customers, distributors, purchasers, wholesalers, federal entities, state entities, or local entities, that LG's batteries comply with the laws or regulations of all 50 states is relevant to determining if LG targeted its product to the entire United States, including Kentucky. See Mott v. Schelling & Company, No. 91–1540, 1992 WL 116014, 1992 U.S.App. LEXIS 12273 (6th Cir. May 29, 1992).

  - o   Objection 2: Denied. LG's representations that its batteries comply with the laws and regulations of all 50 states is relevant to proving LG's contacts with Kentucky. Infra 3-5.

  - o   Objection 5: *Plaintiff agreed to limit to LG 18650 batteries.*
- **Request for Admission 19: Denied**
  - o   Objection 1: Denied. See Request for Admission 18.

  - o   Objection 2: Denied. See Request for Admission 18.
- **Request for Admission 20: Denied**
  - o   Objection 1: Denied See request for Admission 18.

  - o   Objection 2: Denied. The request is limited to LG's representations that its batteries comply with Kentucky laws or regulations.

  - o   Objection 5: *Plaintiff agreed to limit to LG 18650 batteries.*

- **Request for Admission 21: Denied**
  - o Objection 1: Denied. See request for Admission 18.

  - o Objection 2: Denied. The request is limited to LG's representations that its 18650 battery complies with Kentucky laws and regulations.
- **Request for Admission 22: Withdrawn by Plaintiff.**
- **Request for Admission 23: Granted**
  - o Objection 1: Granted. Whether LG battery sales increased after e-cigarette and vaping devices entered the market is not relevant to the jurisdictional issue before the Court.

  - o Objection 2: Granted. The request is not relevant to proving jurisdiction.

  - o Objection 5: Plaintiff agreed to limit to LG 18650 batteries.
- **Request for Admission 24: Granted**
  - o Objection 1: Granted. See Request for Admission 23.

  - o Objection 2: Granted. The request is not relevant to proving jurisdiction.

  - o Objection 5: Plaintiff agreed to limit to LG 18650 batteries.

  - o Objection 6: Denied. The request does not seek a legal conclusion.
- **Request for Admission 25: Granted**
  - o Objection 1: Granted in part. Determining if LG marketed, sold, or distributed batteries to companies with knowledge that batteries would later be sold or distributed for use in e-cigarette or vaping devices is relevant, *but should be limited to companies distributing LG products in Kentucky, a region that includes Kentucky, or the entire United States.*

  - o Objection 2: Granted in part. Whether LG marketed, distributed, or sold batteries to companies with knowledge that the batteries were being used in e-cigarette or vaping devices is relevant to determining if LG purposefully availed itself of the Kentucky market, the market of a region containing Kentucky, or the entire United States market. *The request should be limited in geographic scope to those regions.  Infra 3-5.*

  - o Objection 5: *Plaintiff agreed to limit to LG 18650 batteries.*

  - o Objection 6: Denied. The request does not seek a legal conclusion.

- **Request for Admission 26: Granted**
  - o  Objection 1: Granted. LG's knowledge that their batteries caused burns within the United States is not relevant to answering the jurisdictional question before this Court

  - o  Objection 2: Granted. The request is not relevant to proving jurisdiction.

  - o  Objection 5: Plaintiff agreed to limit to LG 18650 batteries.

  - o  Objection 6: Denied. The request does not seek a legal conclusion.
- **Request for Admission 27: Granted**
  - o  Objection 2: Granted The request is not relevant to proving jurisdiction.

  - o  Objection 5: Plaintiff agreed to limit to LG 18650 batteries.

  - o   Objection 6: Denied. The request does not seek a legal conclusion.
- **Request for Admission 28: Granted**
  - o  Objection 1: Granted. The knowledge that LG's batteries were being used in electronic cigarettes is not relevant to determining LG's contacts with Kentucky.

  - o  Objection 2: Granted The request is not relevant to proving jurisdiction.

  - o  Objection 5: Plaintiff agreed to limit to LG 18650 batteries.

  - o  Objection 6: Granted. The request improperly seeks a legal conclusion. See United States v. Petroff-Kline, 557 F.3d 285 (6th Cir. 2009) (Denying a question that improperly "targets the ultimate legal issue in the case.").
- **Request for Admission 29: Granted**
  - o  Objection 1: Granted. LG's selling, marketing, or distributing batteries that fail to meet quality control standards is not relevant, by itself, to determining if LG targeted its product toward Kentucky.

  - o  Objection 2: Granted The request is not relevant to proving jurisdiction.

  - o  Objection 5: Plaintiff agreed to limit to LG 18650 batteries.

  - o  Objection 6: Denied. The request does not seek a legal conclusion.
- **Request for Admission 30: Granted in part**
  - o  Objection 1: Denied. LG's knowledge that its batteries would be re-wrapped in a label bearing another manufactures name is relevant to determining if LG knew or intended that company to distribute its products in Kentucky, a region that includes Kentucky, or the entire United States.  Poyner v. Erma Werke Gmbh, 618 F.2d 1186 (6th Cir. 1980) ("The use of an independent distributor so that the manufacturer is only indirectly responsible for the product reaching an injured customer, in and of itself, will not insulate a non-resident foreign corporation from suit").

- o Objection 2: Granted in part. Part of Plaintiff's claim in the case is that LG sold product that did not meet its own quality standards to companies that "re-wrapped" LG products in labels bearing their own name and resold them throughout the United States, including in Kentucky. LG's knowledge of this practice is relevant to the question of jurisdiction. *However, the request must be geographically limited to Kentucky, a region containing Kentucky, or the entire United States.*

- o Objection 5: *Plaintiff agreed to limit to LG 18650 batteries.*

- o Objection 6: Denied. The request does not seek a legal conclusion.
- **Request for Admission 31: Granted in part**
  - o Objection 1: Denied. See Request for Admission 30.

  - o Objection 2: Granted in part. *See Request for Admission 30.*

  - o Objection 5: *Plaintiff agreed to limit to LG 18650 batteries.*

  - o Objection 6: Denied. The request does not seek a legal conclusion.
- **Request for Admission 32: Denied**
  - o Objection 1: Denied. See Request for Admission 30.

  - o Objection 2: Denied. The request is appropriately limited to "U.S. consumers." This is relevant to determining if LG purposefully availed itself of the Kentucky market.  Infra 3-5.

  - o Objection 5: *Plaintiff agreed to limit to LG 18650 batteries.*

  - o Objection 6: Denied. The request does not seek a legal conclusion.
- **Request for Admission 33: Denied**
  - o Objection 1: Denied. See Request for Admission 30.

  - o Objection 5: *Plaintiff agreed to limit to LG 18650 batteries.*

  - o Objection 6: Denied. The request does not seek a legal conclusion.
- **Request for Admission 34: Denied**
  - o Objection 1: Denied. See Request for Admission 30.

  - o Objection 2: Denied. See Request for Admission 32.

  - o Objection 5: *Plaintiff agreed to limit to LG 18650 batteries.*

  - o Objection 6: Denied. The request does not seek a legal conclusion.

- **Request for Admission 35: Denied**
  - o Objection 1: Denied. See Request for Admission 30.

  - o Objection 5: *Plaintiff agreed to limit to LG 18650 batteries.*

  - o Objection 6: Denied. The request does not seek a legal conclusion.
- **Request for Admission 36: Granted in part**
  - o Objection 2: Granted in part. It is only relevant if LG 18650 batteries were available for purchase on Amazon.com in 2018 *in Kentucky, a region containing Kentucky, or throughout the entire United States.* The request must be limited to those geographic regions. Infra 3-5.
- **Request for Admission 37: Denied**
  - o Objection 1:  Denied. LG's knowledge that its batteries were available to purchase throughout the United States via Amazon.com, though not dispositive, is relevant to determining LG's contacts with Kentucky

  - o Objection 2: Denied. LG's knowledge, though not dispositive, is relevant to determining if LG purposefully injected its product into the entre U.S market. Therefore, it is relevant to determining LG's contacts with Kentucky. Infra 3-5.

  - o Objection 6: Denied. The request does not seek a legal conclusion.
- **Request for Admission 38: Denied**
  - o Objection 1: Denied. LG's knowledge that's its batters were available to purchase in Kentucky via Amazon.com, though not dispositive, is relevant to determining LG's contacts with Kentucky.

  - o Objection 6: Denied. The request does not seek a legal conclusion.
- **Request for Admission 39: Denied**
  - o Objection 2: Denied. LG's authorization of Amazon.com to sell its batteries in all 50 states is relevant to determining LG's contacts with Kentucky. Infra 3-5.

  - o Objection 5: *Plaintiff agreed to limit to LG 18650 batteries.*
- **Request for Admission 40: Denied**
  - o Objection 5: *Plaintiff agreed to limit to LG 18650 batteries.*
- **Request for Admission 41: Denied**
  - o Objection 2: Denied. LG's authorization of Amazon.com to sell its batteries in all 50 states is relevant to determining LG's contacts with Kentucky. Infra 3-5.

  - o Objection 5: *Plaintiff agreed to limit to LG 18650 batteries.*
- **Request for Admission 42: Denied**
  - o Objection 1: Denied. LG's authorization of Amazon.com to sell its batteries in all fifty states is relevant to determining LG's contacts with Kentucky. See <u>Parker v. Winwood</u>, 938 F.3d 833, 841 (6th Cir. 2019).

- o Objection 2: Denied. LG's knowledge is relevant, though not dispositive, to determining if LG purposefully availed itself of the entire United States market, including Kentucky. Infra 3-5.

- o Objection 5: *Plaintiff agreed to limit to LG 18650 batteries.*

- o Objection 6: Denied. The request does not seek a legal conclusion.
- **Request for Admission 43: Denied**
  - o Objection 1: Denied. LG's knowledge that persons in Kentucky could buy its batteries from Otto Imports, LLC, though not dispositive, is relevant to determining LG's contacts with Kentucky.

  - o Objection 5: *Plaintiff agreed to limit to LG 18650 batteries.*

  - o Objection 6: Denied. The request does not seek a legal conclusion.
- **Request for Admission 44: Denied**
  - o Objection 2: Denied. LG's authorization of Otto Imports, LLC to sell its batteries in all fifty states is relevant to determining if LG purposefully availed itself of the entire United States market, including Kentucky

  - o Objection 5: *Plaintiff agreed to limit to LG 18650 batteries.*
- **Request for Admission 45: Denied**
  - o Objection 5: *Plaintiff agreed to limit to LG 18650 batteries.*

  - o Objection 6: Denied. The request does not seek a legal conclusion.
- **Request for Admission 46: Granted in part**
  - o Objection 2: Granted in part. It is only relevant if vendors, sellers, or distributors sell LG's 18650 batteries online in Kentucky, a region containing Kentucky, or throughout the entire United States. *The request should be limited in geographic scope to those regions*

  - o Objection 6: Denied. The request does not seek a legal conclusion.
- **Request for Admission 47: Granted**
  - o Objection 1: Granted. Whether certain online vendors, sellers, or distributors represent that LG's batteries can be uses in vaping or e-cigarette devices is not relevant to determining LG's contacts with Kentucky or the question of jurisdiction generally.

  - o Objection 2: Granted. The Request is not relevant to proving jurisdiction.

  - o Objection 6: Denied. The request does not seek a legal conclusion.

- **Request for Admission 48: Denied**
  - Objection 2: Denied. The fact that United States consumers can purchase LG's 18650 batteries online is relevant to determining if LG has purposefully availed itself of the entire United States market

  - Objection 6: Denied. The request does not seek a legal conclusion.
- **Request for Admission 49: Denied**
  - Objection 2: Denied. See Request for Admission 48.

  - Objection 6: Denied. The request does not seek a legal conclusion.
- **Request for Admission 50: Denied**
  - Objection 6: Denied. The request does not seek a legal conclusion.
- **Request for Admission 51: Denied**
  - Objection 6: Denied. The request does not seek a legal conclusion.
- **Request for Admission 52: Granted**
  - Objection 1: Granted. See Request for Admission 47.

  - Objection 2: Granted. The purpose for which United States customers can purchase LG's 18650 batteries online is not relevant to proving jurisdiction.

  - Objection 6: Granted. The request improperly seeks a legal conclusion. See United States v. Petroff-Kline, 557 F.3d 285 (6th Cir. 2009) (Denying a question that improperly "targets the ultimate legal issue in the case.").
- **Request for Admission 53: Granted**
  - Objection 1: Granted. See Request for Admission 47.

  - Objection 2: Granted. See Request for Admission 52.

  - Objection 6: Denied. The request does not seek a legal conclusion.
- **Request for Admission 54: Granted**
  - Objection 1: Granted. See Request for Admission 47.

  - Objection 6: Granted. The request improperly seeks a legal conclusion. See United States v. Petroff-Kline, 557 F.3d 285 (6th Cir. 2009) (Denying a question that improperly "targets the ultimate legal issue in the case.").
- **Request for Admission 55: Granted**
  - Objection 1: Granted. See Request for Admission 47.

  - Objection 6: Granted. The request improperly seeks a legal conclusion. See United States v. Petroff-Kline, 557 F.3d 285 (6th Cir. 2009) (Denying a question that improperly "targets the ultimate legal issue in the case.").
- **Request for Admission 56: Denied**
  - Objection 2: Denied. Revenue earned from the online sale of 18650 batteries in the United States is relevant to determining if LG availed itself of the entire United States market, including Kentucky. Infra 3-5.
- **Request for Admission 57: No objections.**

- **Request for Admission 58: Granted in part**
  - o Objection 2: Granted in part. It is only relevant if vendors, sellers, or distributors sell LG's 18650 battery in stores within Kentucky. *The request should limited in geographic scope to include only Kentucky.*

  - o Objection 6: Denied. The request does not seek a legal conclusion.
- **Request for Admission 59: Granted**
  - o Objection 1: Granted. Whether some retail vendors, sellers, or distributors represent that LG batteries can be used in vaping or e-cigarette devices is irrelevant to determining LG's contacts with Kentucky.

  - o Objection 2: Granted. Venders, sellers, or distributors representations that LG's 18650 battery can be used in vaping or e-cigarette devices are not relevant to proving jurisdiction.
- **Request for Admission 60: Granted in part**
  - o Objection 2: Granted in part. *The request should be limited to consumers in Kentucky.*
- **Request for Admission 61:**
  - o Objection 2: Granted in part. *The request should be limited to consumers in Kentucky.*
- **Request for Admission 62: No objection.**
- **Request for Admission 63: No objection.**
- **Request for Admission 64: Granted**
  - o Objection 2: Granted. The purpose for which consumers in the United States can buy LG 18650 batteries in stores is not relevant to proving LG's contacts with Kentucky.

  - o Objection 6: Granted. The request improperly seeks a legal conclusion. See United States v. Petroff-Kline, 557 F.3d 285 (6th Cir. 2009) (Denying a question that improperly "targets the ultimate legal issue in the case.").
- **Request for Admission 65: Granted**
  - o Objection 1: Granted See Request for Admission 59.

  - o Objection 2: Granted. See Request for Admission 64.

  - o Objection 6: Granted. The request improperly seeks a legal conclusion. See United States v. Petroff-Kline, 557 F.3d 285 (6th Cir. 2009) (Denying a question that improperly "targets the ultimate legal issue in the case.").
- **Request for Admission 66: Granted**
  - o Objection 1: Granted See Request for Admission 59.

  - o Objection 6: Granted. The request improperly seeks a legal conclusion. See United States v. Petroff-Kline, 557 F.3d 285 (6th Cir. 2009) (Denying a question that improperly "targets the ultimate legal issue in the case.").

- **Request for Admission 67: Granted**
  - Objection 1: Granted See Request for Admission 59.

  - Objection 6: Granted. The request improperly seeks a legal conclusion. See United States v. Petroff-Kline, 557 F.3d 285 (6th Cir. 2009) (Denying a question that improperly "targets the ultimate legal issue in the case.").
- **Request for Admission 68: Granted in part**
  - Objection 2: Granted in part. The relevance of revenue derived from sale of 18650 batteries in stores is limited to stores within Kentucky. *The request must be limited in geographic scope to include only Kentucky.*
- **Request for Admission 69: No objection.**
- **Request for Admission 70:**
  - Objection 5: See Request for Admission 2.
- **Request for Admission 71: Withdrawn by Plaintiff.**
- **Request for Admission 72: Withdrawn by Plaintiff.**
- **Request for Admission 73: Withdrawn by Plaintiff.**
- **Request for Admission 74: Withdrawn by Plaintiff.**
- **Request for Admission 75: Withdrawn by Plaintiff.**
- **Request for Admission 76: Withdrawn by Plaintiff.**
- **Request for Admission 77: Withdrawn by Plaintiff.**
- **Request for Admission 78: Withdrawn by Plaintiff.**
- **Request for Admission 79: Withdrawn by Plaintiff.**
- **Request for Admission 80: Withdrawn by Plaintiff.**
- **Request for Admission 81: Withdrawn by Plaintiff.**
- **Request for Admission 82: Granted**
  - Objection 5: Granted. The request should be limited to LG 18650 batteries.
- **Request for Admission 83: Granted**
  - Objection 3: Granted. LG Electronics is a separate corporate entity not a party to this case. See Knight Capital Partners Corp. v. Henkel AG & Co., KGaA, 257 F. Supp. 3d 853 (E.D. Mich. 2017) ("it is well established that mere corporate affiliation or beneficial ownership of a possibly involved entity by a distinct corporate entity defendant is insufficient to establish minimum contacts.").

  - Objection 5: Granted. The request should be limited to LG 18650 batteries.
- **Request for Admission 84: Granted**
  - Objection 3: Granted. See Request for Admission 83.

  - Objection 5: Granted. The request should be limited to LG 18650 batteries.
- **Request for Admission 85: Granted**
  - Objection 3: Granted. See Request for Admission 83.

  - Objection 5: Granted. The request should be limited to LG 18650 batteries.

- **Request for Admission 86: Granted**
  - o  Objection 3: Granted. See Request for Admission 83.

  - o  Objection 5: Granted. The request should be limited to LG 18650 batteries.
- **Request for Admission 87: Granted**
  - o  Objection 3: Granted. See Request for Admission 83.

  - o  Objection 5: Granted. The request should be limited to LG 18650 batteries.
- **Request for Admission 88: Granted**
  - o  Objection 3: Granted. See Request for Admission 83.

  - o  Objection 5: Granted. The request should be limited to LG 18650 batteries.
- **Request for Admission 89: Granted**
  - o  Objection 3: Granted. See Request for Admission 83.

  - o  Objection 5: Granted. The request should be limited to LG 18650 batteries.
- **Request for Admission 90: Granted**
  - o  Objection 3: Granted. See Request for Admission 83.

  - o  Objection 5: Granted. The request should be limited to LG 18650 batteries.
- **Request for Admission 91: Granted**
  - o  Objection 3: Granted. See Request for Admission 83.

  - o  Objection 5: Granted. The request should be limited to LG 18650 batteries.