UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CIVIL ACTION NO: 4:19-CV-00149-JHM**

**CHAD BULLOCK**                                                                **PLAINTIFF**

**V.**

**OTTO IMPORTS, LLC, et al.**                                           **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant LG Chem America, Inc.'s (LGCAI) Objections to the Magistrate Judge's Order [DN 52] and LGCAI's Motion to Dismiss [DN 48]. Fully briefed, this matter is ripe for decision. For the following reasons, LGCAI's Objections to the Magistrate Judge's Order [DN 52] is **OVERRULED IN PART AND SUSTAINED IN PART** and the Magistrate Judge's Order is **AFFIRMED IN PART AND DENIED IN PART**. LGCAI's Renewed Motion to Dismiss [DN 48] is **DENIED WITH LEAVE TO REFILE** after the discovery period has ended.

### I. BACKGROUND

Plaintiff Chad Bullock alleges that he was injured from rewrapped LG lithium-ion batteries that he purchased from Defendant Otto Imports, LLC. [DN 1-2 at 19–20]. In response to LGCAI's Motion to Dismiss, the Court granted discovery limited to the personal jurisdiction issue. [DN 12]. Bullock later served LGCAI with several written discovery requests. [DN 52-1, DN 52-2, DN 52-3]. LGCAI objected to most of the requests. [*Id.*]. The Magistrate Judge granted in part and denied in part LGCAI's Motion for a Protective Order. [DN 51 at 6]. He also granted in part and denied in part Bullock's Motion to Compel. [*Id.*]. LGCAI now objects to the Magistrate Judge's Order. [DN 52].

## II. STANDARD OF REVIEW

A party may submit objections to a magistrate judge's ruling on non-dispositive matters, such as discovery orders. FED. R. CIV. P. 72(a). The district court reviews an order by a magistrate judge on a non-dispositive matter under the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a).

## III. DISCUSSION

LGCAI asserts that its objections rest on the following issues: (1) Bullock is not entitled to discovery on merits-based issues when jurisdiction has not been established and when this Court previously limited discovery to jurisdictional issues; (2) Bullock is not entitled to discovery regarding LGCAI's contacts with the United States generally or states other than Kentucky; (3) Bullock is not entitled to further discovery regarding LGCAI's unrelated contacts with Kentucky; (4) Bullock is not entitled to discovery of information that occurred after his alleged incident and, therefore, could not have given rise to that incident; and (5) LGCAI cannot be required to produce information on behalf of other legal entities. [DN 52 at 2]. LGCAI contends that the information Bullock seeks goes beyond discovery regarding personal jurisdiction. [*Id.*].

The Court has reviewed the Magistrate Judge's ruling on all 163 discovery requests.[1] [DN 51 at 8–29]. Even though LGCAI did not specifically raise these issues, the Court wants to clarify two minor errors from the Magistrate Judge's Order. First, regarding Request for Production 39, the Magistrate Judge denied an objection ruling that representations made by LGCAI that their batteries are compliant with "the laws of the United States, any geographic region that contains Kentucky, Kentucky, or any municipality within Kentucky is *not* relevant to determining LG's

---

[1] The Magistrate's Judge's order relies on an opinion that has been vacated by this Court for the proposition that courts have routinely permitted discovery of prior lawsuits against a defendant. [DN 51 at 9, 17]. To be clear, however, courts have indeed routinely permitted the discovery of prior lawsuits against a defendant. *See Burrell v. Duhon*, No. 5:18-CV-00141-TBR-LLK, 2019 WL 4918771, at *4 (W.D. Ky. Oct. 4, 2019).

2

contacts with Kentucky." [DN 51 at 16] [emphasis added]. The Magistrate Judge correctly **denied** the objection to Request for Production 39, but it is because the request *is* relevant to determining LGCAI's contacts with Kentucky. [*Id.*] [emphasis added]. Second, regarding Request for Production 41, while the Magistrate Judge denied one objection and granted the other, the Magistrate Judge inadvertently identified the entire request as denied. [*Id.*]. To clarify, Request for Production 41 is **granted in part** for the reasons stated in the Magistrate Judge's Order. [*Id.*].

Next, there are some discovery requests that the Magistrate Judge identified as having no objections. [DN 51 at 8–29]. For example, the Magistrate Judge identified Interrogatory 13 and 14 as having no objections. [*Id.* at 10]. But LGCAI points out that it did object to those interrogatories. [DN 52 at 9 n.3]. For the sake of thoroughness, the Court will address the discovery requests that the Magistrate Judge identified as having no objection.[2] Based on Exhibit D [DN 52-4] and LGCAI's Motion for Protective Order [DN 31], the Court finds that LGCAI objected to the following discovery requests and addresses them accordingly:[3]

- **Interrogatory 8: Denied**
    - Objection is **denied** for the reason identified in the Magistrate Judge's Order. [DN 51 at 10, Interrogatory 9].

- **Interrogatory 11: Denied**
    - Objection is **denied** for the reasons stated in the Magistrate Judge's Order. [DN 51 at 11, Interrogatory 16, Objection 4, Objection 5].

---

[2] The Magistrate Judge identifies Request for Admissions 71–81 as requests that were withdrawn by Bullock. [DN 51 at 28]. However, it appears that Request for Admissions 79–81 were not withdrawn by Bullock. [DN 34 at 10].
[3] While LGCAI addressed some of these discovery requests in its objections currently pending before the Court, it did not specifically address all of them. [DN 52].

3

- **Interrogatory 13: Denied**
    - Objection is **denied** for the reason identified in the Magistrate Judge's Order. [DN 51 at 12, Interrogatory 21].

- **Interrogatory 14: Denied**
    - Objection is **denied** for the reason stated in the Magistrate Judge's Order. [DN 51 at 12, Interrogatory 22].

- **Interrogatory 24: Denied**
    - Objection is **denied** for the reason stated in the Magistrate Judge's Order. [DN 51 at 11 Interrogatory 16, Objection 4].

- **Request for Production 18: Denied**
    - Objection is **denied** for the reason stated in the Magistrate Judge's Order. [DN 51 at 16, Request for Production 44, Objection 4].

- **Request for Production 19: Denied**
    - Objection is **denied** for the reason stated in the Magistrate Judge's Order. [DN 51 at 16, Request for Production 44, Objection 4].

- **Request for Production 20: Denied**
    - Objection is **denied** for the reason stated in the Magistrate Judge's Order. [DN 51 at 16, Request for Production 44, Objection 4].

- **Request for Production 21: Denied**
    - Objection is **denied** for the reason stated in the Magistrate Judge's Order. [DN 51 at 16, Request for Production 44, Objection 4].

- **Request for Production 22: Denied**
    - Objection is **denied** for the reason stated in the Magistrate Judge's Order. [DN 51 at 16, Request for Production 44, Objection 4].

- **Request for Production 23: Denied**
    - Objection is **denied** for the reason stated in the Magistrate Judge's Order. [DN 51 at 16, Request for Production 44, Objection 4].

- **Request for Production 24: Denied**
    - Objection is **denied** for the reason stated in the Magistrate Judge's Order. [DN 51 at 16, Request for Production 44, Objection 4].

- **Request for Admission 1: Denied**
    - Objection is **denied** because whether there is a burden on LGCAI to litigate in Kentucky is relevant to determining if the Court has personal jurisdiction. *See Air Prod. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 554–55 (6th Cir. 2007) ("In determining whether the exercise of jurisdiction is reasonable, the court should consider, among others, the following factors: (1) the burden on the defendant; (2) the interest of the forum state; (3) the plaintiff's interest in obtaining relief; and (4) other states' interest in securing the most efficient resolution of the policy.").

- **Request for Admission 17: Denied**
    - Objection is **denied** because whether LGCAI knowingly placed the 18650 batteries in the stream of Kentucky commerce is relevant to proving LGCAI's contacts with Kentucky. [DN 51 at 20, Request for Admission 16].

5

- **Request for Admission 57: Denied**
    - Objection is **denied** because revenue earned from the online sale of the 18650 batteries to persons in Kentucky is relevant in determining if LG availed itself of the Kentucky market. [DN 51 at 26, Request for Admission 56].

- **Request for Admission 62: Denied**
    - Objection is **denied** because whether consumers in Kentucky can buy the 18650 batteries in stores is relevant to determining LGCAI's contacts with Kentucky. [DN 51 at 27, Request for Admission 60].

- **Request for Admission 63: Denied**
    - Objection is **denied** because whether consumers in Kentucky do buy the 18650 batteries in stores is relevant to determining LGCAI's contacts with Kentucky. [DN 51 at 27, Request for Admission 61].

- **Request for Admission 69: Denied**
    - Objection is **denied** because the request is relevant to determining LGCAI's contacts with Kentucky for personal jurisdiction purposes. [DN 51 at 28, Request for Admission 68].

- **Request for Admission 79: Granted**
    - Objection is **granted** because the request should be limited to the 18650 batteries. [DN 51 at 28, Request for Admission 82].

- **Request for Admission 80: Granted**
    - Objection is **granted** because the request should be limited to the 18650 batteries. [DN 51 at 28, Request for Admission 82].

- **Request for Admission 81: Granted**

    o Objection is **granted** because the request should be limited to the 18650 batteries. [DN 51 at 28, Request for Admission 82].

The rulings in the Magistrate Judge's Order are not contrary to law because of the reasonings that he discussed in his Order. Also, LGCAI's Renewed Motion to Dismiss [DN 48] is premature considering the ongoing discovery dispute as such the Motion to Dismiss is **denied with leave to refile**.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that LGCAI's Objections to the Magistrate Judge's Order [DN 52] is **OVERRULED IN PART AND SUSTAINED IN PART** and the Magistrate Judge's Order is **AFFIRMED IN PART AND DENIED IN PART**. **LGCAI must answer the designated discovery requests from both this Order and the Magistrate Judge's Order 60 days from the filing of this Opinion.** LGCAI's Renewed Motion to Dismiss [DN 48] is **DENIED WITH LEAVE TO REFILE** after the discovery period has ended.

Joseph H. McKinley Jr., Senior Judge
United States District Court

June 30, 2020

cc: counsel of record