UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CIVIL ACTION NO: 4:19-CV-00149-JHM**

**CHAD BULLOCK**                                                                             **PLAINTIFF**

**V.**

**OTTO IMPORTS, LLC, et al.**                                       **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant LG Chem America, Inc.'s (LGCAI) Motion to Amend and Certify the Court's July 1, 2020 Order for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Further Proceedings Pending Appeal. [DN 60]. Fully briefed, this matter is ripe for decision.

### I. BACKGROUND

Plaintiff Chad Bullock alleges that he was injured from rewrapped LG lithium-ion batteries that he purchased from Defendant Otto Imports, LLC. [DN 1-2 at 19–20]. In response to LGCAI's Motion to Dismiss, the Court granted discovery limited to the personal jurisdiction issue. [DN 12]. LGCAI objected to most of Bullock's written discovery request. The Magistrate Judge granted in part and denied in part LGCAI's Motion for a Protective Order. [DN 51 at 6]. He also granted in part and denied in part Bullock's Motion to Compel. [*Id.*]. LGCAI objected to the Magistrate Judge's Order. [DN 52]. Then, this Court determined that LGCAI would have to respond to many of Bullock's discovery requests that LGCAI had objected to and, as a result, LGCAI's Renewed Motion to Dismiss could be refiled once the jurisdictional discovery period ended. [DN 56]. LGCAI now requests that the Court amend and certify its July 1, 2020 Memorandum Opinion and Order [DN 56] for interlocutory appeal. [DN 60].

## II. STANDARD OF REVIEW

Parties can request certification of an interlocutory appeal under 28 U.S.C. § 1292(b). LGCAI must make three different showings for the Court to certify its Order for immediate appeal: (1) whether the order involves a controlling question of law, (2) whether a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) whether an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002) (citations omitted). "Review under § 1292(b) is granted sparingly and only in exceptional cases." *Id.* (citation omitted).

## III. DISCUSSION

LGCAI argues that the controlling question of law involves the limits that the Due Process Clause places on a district court's discretion to order jurisdictional discovery. [DN 60 at 5]. "A legal issue is controlling if it could materially affect the outcome of the case." *In re City of Memphis*, 293 F.3d at 351 (citation omitted). Importantly, "§ 1292(b) is not appropriate for securing early resolution of disputes concerning whether the trial court properly applied the law to the facts." *U.S. ex rel. Elliott v. Brickman Grp. Ltd., LLC*, 845 F. Supp. 2d 858, 864 (S.D. Ohio 2012) (citations omitted).

Here, the appeal would not involve a controlling question of law because the Court's Order does not materially affect the outcome of the case. LGCAI is attempting to secure early resolution of a jurisdictional discovery dispute concerning whether the Court properly applied the law about discovery to the facts of this case. Furthermore, the discovery ruling is within the Court's discretion and matters within the discretion of the trial court are generally not the type of legal questions envisioned in § 1292(b). *See In re City of Memphis*, 293 F.3d at 351 (citing *White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994)). Since there is no controlling question of law the Court

need not consider whether a substantial ground for difference of opinion exists regarding the correctness of the decision, and whether an immediate appeal may materially advance the ultimate termination of the litigation. Thus, the Court's Order is inappropriate for interlocutory appeal.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that LGCAI's Motion to Amend and Certify the Court's July 1, 2020 Order for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Further Proceedings Pending Appeal [DN 60] is **DENIED**.

Joseph H. McKinley Jr., Senior Judge
United States District Court

August 26, 2020

cc: counsel of record