**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**
**CIVIL ACTION NO. 4:19-CV-00149-JHM-HBB**

**CHAD BULLOCK**                                                                        **PLAINTIFF**

**VS.**

**OTTO IMPORTS, et al.**                                                      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant LG Chem, Ltd. ("LG") Motion for a Protective Order from Plaintiff's Jurisdictional Discovery Requests (DN 54). Bullock has filed a response (DN 57). LG replied (DN 59). Bullock has also filed a competing Motion to Compel responses to his discovery requests (DN 58). The motion does not raise new arguments, but requests "affirmative relief" in the event the Court denies LG's Motion for a Protective Order. LG filed a response (DN 62). Bullock did not reply. The motions are now ripe and ready for determination.[1]

## Background

The essential issues before this Court have already been addressed. LG Chem America, another defendant in this case, filed an almost identical Motion for Protective Order (DN 31) and Bullock responded with a Motion to Compel (DN 42). This Court recommended that both motions be granted in part and denied in part (DN 56).

LG Chem, Ltd. has raised the same substantive objections as LG Chem America, though in some instances LG Chem, Ltd. applied these objections to different discovery requests than did

---

[1] This action has been referred to the undersigned for determination of non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A).

LG Chem America. LG Chem, Ltd., a separate legal entity from LG Chem America, is asking the Court to use its motion to "give further consideration to these issues" (DN 59 PageID # 2344). The undersigned has reconsidered the issues and arrived at the same conclusion. Both LG's Motion for Protective Order (DN 54) and Bullock's Motion to Compel (DN 58) are **granted in part and denied in part.**

## Discussion

Federal courts generally follow state law in determining the bounds of their jurisdiction over persons. *See* Fed. R. Civ. P. 4(k)(1)(A). Kentucky's long-arm statute allows the exercise of personal jurisdiction over defendants who, among other things, cause "tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth, provided that the tortious injury occurring in this Commonwealth arises out of the doing or soliciting of business or a persistent course of conduct or derivation of substantial revenue within the Commonwealth." KRS § 454.210(2)(a)(4).

There are two kinds of personal jurisdiction that a court may exercise over a foreign defendant— "general jurisdiction" and "specific jurisdiction." General jurisdiction exists if the defendant's contacts with the forum are "so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement, 326 U.S. 310, 318 (1945). Specific jurisdiction, on the other hand, exists where the litigation is derived from obligations that "arise out of or are connected with the [company's] activities within the state." Id. at 319. At issue

in this case is whether LG's activities within the Commonwealth of Kentucky subject it to specific jurisdiction in this Court.

The Sixth Circuit has adopted the "stream of commerce plus" test to determine if personal jurisdiction exists over a defendant. Bridgeport Music, Inc. v. Still N The Water Pub., 327 F.3d 472 (6th Cir. 2003). Under this test, "the placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum state." Bridgeport Music, 327 F.3d 472 at 479 (quoting Asahi Metal Industry Company, Ltd. v. Superior Court, 480 U.S. at 112 (1987)). "The 'substantial connection' between the defendant and the forum State necessary for a finding of minimum contacts must come about by an action of the defendant purposefully directed toward the forum State." Asahi, 480 U.S. at 112 (1987) (internal citations omitted). Such actions may include, but are not limited to, advertising in the forum state, establishing channels for providing regular advice to customers in the forum State, or marketing a product through a distributor who has agreed to serve as the sales agent in the forum State." Id. Factors Courts should consider include, the defendant's direction or control over the flow of the product into the forum; the quantity of the defendant's particular product regularly flowing into the forum; and the distinctive features of the forum that connect it with the product in question. ne Media IP Ltd. V. S.A.A.R. SrL, 122 F.Supp.3d 705, 717 (M.D. Tenn. 2015).

Importantly, a plaintiff can demonstrate contacts with the forum state by establishing the defendant made a "deliberate decision" to distribute its product throughout all 50 states. Tobin v. Astra Pharm. Prod., Inc., 993 F.2d 528 (6th Cir. 1993). In Tobin, Duphar, a Dutch pharmaceutical company, "sought out and negotiated" a licensing agreement with co-defendant, Astra Pharmaceuticals. Under that agreement, Astra was to distribute Duphar's drug throughout the United States. 993 F.2d 528 at 543. The Court reasoned Duphar's negotiated contract with Astra

created "something more than mere awareness that the stream of commerce will sweep the product into the forum state." Id. (citing Asahi, 480 U.S. at 111). Duphar made a deliberate decision to market its product in all 50 states, including Kentucky, the forum state. Id.

The Sixth Circuit reaffirmed this principle in Bridgeport Music v. Still N The Water, 327 F.3d 472 (6th Cir. 2003), and officially adopted the stream of commerce plus test first articulated by Justice O'Connor. The Court found Defendant DM had purposefully availed itself of the Tennessee market because it entered into a nationwide distribution contract. The contract sought distribution throughout "the United States, its territories, commonwealth, possessions…" Bridgeport, 327 F.2d at 483. The "primary emphasis" of its decision was DM's deliberate decision to distribute its product in all 50 states. The Court found, as in Tobin, DM did nothing in particular to target Tennessee distinguishable from any other state in the union. Nevertheless, because the defendant deliberately targeted all 50 states, a "prima facie purposeful availment finding" was warranted. Id. at 484. See also, Parker v. Winwood, 938 F.3d 833, 841 (6th Cir. 2019).

LG contends that discovery requests seeking information about its contacts outside of Kentucky are irrelevant to the jurisdictional issues before this Court. This argument misses the mark. Any discovery requests presented by Bullock seeking information about LG's actions directed towards other forums, to the extent they exist, will be dismissed by this Court. But Sixth Circuit case law makes clear that LG can establish sufficient contacts with Kentucky by purposefully availing itself of the entire United States market. LG will be required to respond to discovery requests seeking information that LG targeted the entire United States, or a region containing Kentucky, not only Kentucky specifically.

Importantly, this Court is not presently deciding whether LG is subject to personal jurisdiction in Kentucky. The task at hand is to determine which of Bullock's 163 discovery

requests LG must answer. See Fed. R. Civ. P. 26(c). A party seeking a protective order must show good cause for issuing the order. "Good cause" is established on a showing that disclosure of the information will work a clearly defined and serious injury to the party seeking protection under the rule. Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984); Avirgan v. Hull, 118 F.R.D. 252, 254 (D. D.C. 1987).

LG objects to the vast majority of Bullock's discovery requests. LG raises five different objections primarily contesting the relevancy of the requests (DN 54). Once an objection to the relevance of the information sought is raised, the party seeking discovery must demonstrate that the requests are relevant to the claims or defenses in the pending action. If that party demonstrates relevancy, the party resisting discovery bears the burden of demonstrating why the request is unduly burdensome or otherwise not discoverable under the Federal Rules. Anderson v. Dillard's, Inc., 251 F.R.D. 307 (W.D. Tenn. 2008). Parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportionate to the needs of the case…." Fed. R. Civ. P. 26(b)(1). This language is liberally construed to permit broad discovery. State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic, P.C., 315 F.R.D. 220 (E.D. Mich. 2016).

LG objects to several discovery requests arguing the temporal scope of the request is either unduly burdensome or seeks irrelevant information (DN 54 PageID # 2177). The parties reached a compromise and agreed **all discovery requests should be temporally limited to four years preceding the events concerning this lawsuit. The Court will honor that compromise**. The Court will not limit discovery requests to events preceding the subject incident. There is no rule forbidding the discovery of information or records produced after the subject incident. The touchstone is relevancy. See Kline v. Mortg. Elec. Sec. Sys., No. 3:08-CV-408, 2014 WL 4928984

(S.D. Ohio Oct. 1, 2014), <u>on reconsideration in part,</u> No. 3:08-CV-408, 2014 WL 5460575 (S.D. Ohio Oct. 27, 2014).  Bullock argues the "sales or distribution in the immediate aftermath of the incident would be relevant to sales agreements, distribution agreements, and marketing efforts before the incident." (DN 57 PageID # 2251).  The Court concurs, especially considering the lenient relevancy standard applied to discovery.  LG has made no argument that producing this information and documents will be unduly burdensome.  See <u>Anderson v. Dillard's, Inc.</u>, 251 F.R.D. 307 (W.D. Tenn. 2008).  The Court will require **information requested up to one year after the subject incident**.  Similarly, **no request will be limited to the extent it seeks "information about LG's physical presence in Kentucky."** (DN 57 PageID # 2252).  LG argues this information is not by itself enough to establish personal jurisdiction (DN 44 PageID # 1084).  While true, this Court is only considering if the information is relevant for the purposes of discovery—it is.  Whether it is enough to establish personal jurisdiction is a question left for another day.

At present, discovery is limited to the question of personal jurisdiction.  With that in mind, this Court has reviewed all of LG's objections to Bullock's discovery requests to determine which requests are relevant to determining if LG is subject to personal jurisdiction in the Western District of Kentucky.  LG's Motion for a Protective Order is **GRANTED IN PART** and **DENIED IN PART.  LG must answer the designated discovery requests by July 9, 2020 (DN 43).** Bullock's Motion to Compel is **GRANTED IN PART and DENIED in PART.**  The Court's ruling on each discovery request can be found in the attached appendix.

August 31, 2020

*H. Brent Brennenstuhl*
**H. Brent Brennenstuhl**
**United States Magistrate Judge**

## **Appendix**

This appendix contains the Court's rulings on the 163 discovery requests issued by Chad Bullock and objected to by LG. LG raised five primary objections, often raising multiple objections to one discovery request. For the sake of clarity and thoroughness, the Court addressed all objections to each discovery request. If a request is marked "Granted" it means LG's Motion for a Protective Order has been granted as to the marked request. If a request is marked "Denied" LG's Motion for a Protective Order has been denied as to that request. If the request is "Granted in part" it means LG's objection was sustained, but the Court altered the discovery request to bring it in compliance with the Federal Rules. The alterations will be in *italic* type face. LG is ordered to respond to all requests marked **DENIED** or **GRANTED IN PART.**

LG's five objections are:

1. "Plaintiffs merits 'based requests exceed the limited scope of discovery this court allowed and are patently irrelevant to the jurisdictional issue presented." (DN 31 PageID # 371)

2. "Any request seeking information regarding LGCAI's contacts outside Kentucky directly contravenes this Court's prior orders and is irrelevant to the jurisdictional issue presented." (Id. at 374).

3. "Any request purportedly directed to entities other that LGCAI, including other LG entities, is improper." (Id. at 376).

4. "Any request seeking information post-dating the subject incident is irrelevant to the jurisdictional issue presented." (Id. at 377).

5. "Any request seeking information about products other than LG 18650 Lithium Ion Battery Cells is overbroad and irrelevant to the jurisdictional issue presented." (Id. at 379).

The Court has addressed each objection below.

**INTERROGATORIES:**

- **Interrogatory 1: Denied.**
    - Objection 3: Denied. The sale of batteries by LG, parent companies, subsidiaries, affiliate corporations, agents, and contractors on LG's behalf within the state of Kentucky are relevant to proving LG's contacts with Kentucky.  *See* Fortis v. Viken Ship, 450 F.3d 214, 220 (6th Cir. 2006) ("In the non-shipping context, we have repeatedly held, as have other courts, that a defendant's interposition of an independent middleman between itself and the forum does not by itself place the defendant outside of that forum's reach.") *See also*, Tobin v. Astra Pharm., 993 F. 2d 529, 544 (6th Cir. 1993) ("The defendant cannot expect to rely solely on the use of an independent distributor to insulate it from suit").

    - Objection 4: Denied. LG's direct or indirect sales and distribution of batteries in the Commonwealth of Kentucky is relevant to proving jurisdiction.
- **Interrogatory 2: Denied**
    - Objection 3: Denied. See Interrogatory 1.
    - Objection 4: Denied. See Interrogatory 1.
- **Interrogatory 3: Denied**
    - Objection 3: Denied. See Interrogatory 1.
    - Objection 4: Denied. See Interrogatory 1.
- **Interrogatory 4: Denied.**
    - Objection 2: Denied. Information pertaining to any potential LG Chem subsidiary or other business entity in the United States is relevant to determining if LG targeted Kentucky, a region containing Kentucky, or the entire United States with its products.

    - Objection 3: Denied. Interrogatory is directed to LG Chem, Ltd.

    - Objection 4: Denied. See Interrogatory 1.
- **Interrogatory 5: Denied**
    - Objection 1: Denied. Courts have routinely permitted discovery of prior lawsuits against a defendant. See Burrell v. Duhon, No. 5:18-CV-00141-TBR-LLK, 2019 WL 4918771, at *4 (W.D. Ky. Oct. 4, 2019).  Records in prior lawsuits are reasonably calculated to lead to the discovery of evidence relevant to jurisdictional issues.

    - Objection 2: Denied. Denied. Courts have routinely permitted discovery of prior lawsuits against a defendant. See Burrell v. Duhon, No. 5:18-CV-00141-TBR-LLK, 2019 WL 4918771, at *4 (W.D. Ky. Oct. 4, 2019).  Records in prior lawsuits are reasonably calculated to lead to the discovery of evidence relevant to

    - Objection 3: Denied. Interrogatory is directed to LG Chem, Ltd and its subsidiaries.

    - Objection 4: Denied. Subject to agreement between parties stated above.

- **Interrogatory 6: Denied**
    - Objection 1**:** Denied. Courts have routinely permitted discovery of prior lawsuits against a defendant. See Burrell v. Duhon, No. 5:18-CV-00141-TBR-LLK, 2019 WL 4918771, at *4 (W.D. Ky. Oct. 4, 2019). Records in prior lawsuits are reasonably calculated to lead to the discovery of evidence relevant to jurisdictional issues.
    - Objection 2: Denied. See Interrogatory 5.
    - Objection 3: Denied. Courts have routinely permitted discovery of prior lawsuits against a defendant. See Burrell v. Duhon, No. 5:18-CV-00141-TBR-LLK, 2019 WL 4918771, at *4 (W.D. Ky. Oct. 4, 2019). Records in prior lawsuits are reasonably calculated to lead to the discovery of evidence relevant to jurisdictional issues.
    - Objection 4: Denied. Subject to agreement between parties stated above.
- **Interrogatory 7: Denied.**
    - Objection 1: Denied. See Interrogatory 5.
    - Objection 2: Denied. See Interrogatory 5.
    - Objection 3: Denied. Interrogatory is directed to LG Chem, Ltd.
    - Objection 4: Denied. Subject to agreement between parties stated above.
- **Interrogatory 8: Denied.**
    - Objection 2: Denied. See Interrogatory 4.
    - Objection 3: Denied. Interrogatory is directed to LG Chem, Ltd.
    - Objection 4: Denied. Subject to agreement between parties stated above.
- **Interrogatory 9: Denied**
    - Objection 2: Denied. The manufacture, distribution, and sales, of LG batteries for distribution in distribution in the United States, whether distributed by LG, or sold by another entity it relevant to determining if LG "purposefully availed" itself of the entire United States market, including Kentucky. See Tobin v. Astra Pharm. Prod., Inc., 993 F.2d 528, 543 (6th Cir. 1993).
    - Objection 3: Denied. Interrogatory is directed to LG Chem, Ltd.
    - Objection 4: Denied. Subject to agreement between parties stated above.
- **Interrogatory 10: No objections.**
- **Interrogatory 11: Denied.**
    - Objection 4: Denied. Subject to agreement between parties stated above.
- **Interrogatory 12:**
    - Objection 2: Denied. LG's marketing and advertising practices in the United States is relevant to determining LG's contacts with Kentucky. See Bridgeport Music v.

> <u>Still N The Water</u>, 327 F.3d 472, 483-84 (6th Cir. 2003) ("advertising is among the activities that constitute 'reaching out' to forum state residents.")

- o Objection 3: Denied. See Interrogatory 1.

- o Objection 4: Denied. Subject to agreement between parties stated above.

- **Interrogatory 13: Denied.**
  - o Objection 1: Denied**.** When and how LG learned its products were being sold in Kentucky is relevant to determining contacts with the forum state.
- **Interrogatory 14: Granted.**
  - o Objection 1: Granted. The purpose for which LG batteries were being sold is not relevant to determine contacts with the forum state.
- **Interrogatory 15: Denied.**
  - o Objection 3: Denied. Interrogatory is directed to LG Chem, Ltd.

  - o Objection 4: Denied. Subject to agreement between parties stated above.
- **Interrogatory 16: Denied.**
  - o Objection 3: Denied.

  - o Objection 4: Denied. Subject to agreement between parties stated above.

  - o Objection 5: Denied. The request seeks information related to the LG's physical presence in Kentucky (DN 34 PageID # 633). The information is relevant to proving personal jurisdiction.
- **Interrogatory 17: Denied.**
  - o Objection 3: Denied. See Interrogatory 1.

  - o Objection 4: Denied. LG and its affiliates physical presence in Kentucky is relevant to proving jurisdiction. LG argues this information is not by itself enough to establish personal jurisdiction (DN 44 PageID # 1084). While true, this Court is only considering if the information is relevant for the purposes of discovery.

  - o Objection 5: Denied: See Interrogatory 16.
- **Interrogatory 18: Denied.**
  - o Objection 1: Denied. The operation of a website, its purpose, and whether it is accessible in the United States and Kentucky is relevant to determine if LG purposefully directed its product toward Kentucky.

  - o Objection 2: Denied. LG's operation of a website and the specific information requested by Bullock is relevant to determining LG's contacts with Kentucky. Infra p. 3-5.

  - o Objection 3: Denied. See Interrogatory 1.

  - o Objection 4: Denied. Subject to agreement between parties stated above.

- o   Objection 5: *Plaintiff agreed to limit inquiry to LG 18650 batteries.*
- **Interrogatory 19:**
    - o   Objection 3: Denied. The request is appropriately limited to LG's revenue.
    - o   Objection 4: Denied. Subject to agreement between parties stated above.
- **Interrogatory 20:**
    - o   Objection 4: Denied. LG and its affiliates physical presence in Kentucky is relevant to proving jurisdiction. LG argues this information is not by itself enough to establish personal jurisdiction (DN 44 PageID # 1084).  While true, this Court is only considering if the information is relevant for the purposes of discovery.

    - o   Objection 5: Denied. See Interrogatory 16.
- **Interrogatory 21: Denied**
    - o   Objection 1: Denied. The interrogatory is limited to LG's actions in Kentucky. It is relevant to determining if LG knew its batteries were sold in Kentucky and if LG intended they be sold in Kentucky.
- **Interrogatory 22: Denied**
    - o   Objection 1: Denied. The interrogatory is limited to LG's actions in Kentucky. It is relevant to determining if LG knew its batteries were sold in Kentucky and intended, they be sold in Kentucky for use in electronic cigarettes.
- **Interrogatory 23: No objections.**
- **Interrogatory 24: No objections.**
- **Interrogatory 25: No objections.**


**REQUESTS FOR PRODUCTION:**

- **Request for Production 1: Denied**
    - o   Objection 3: Denied. The sale of batteries by LG, parent companies, subsidiaries, affiliate corporations, agents, and contractors on LG's behalf within the state of Kentucky are relevant to proving LG's contacts with Kentucky.  *See* Fortis v. Viken Ship, 450 F.3d 214, 220 (6th Cir.) ("In the non-shipping context, we have repeatedly held, as have other courts, that a defendant's interposition of an independent middleman between itself and the forum does not by itself place the defendant outside of that forum's reach.") *See also*, Tobin v. Astra Pharm., 993 F. 2d 529, 544 (6th Cir. 1993) ("The defendant cannot expect to rely solely on the use of an independent distributor to insulate it from suit").

    - o   Objection 4: Denied. Subject to agreement between parties stated above.
- **Request for Production 2: Denied.**
    - o   Objection 3: Denied. See Request for Production 1

    - o   Objection 4: Denied. Subject to agreement between parties stated above.
- **Request for Production 3: Denied.**
    - o   Objection 3: Denied. See Request for Production 1

    - o   Objection 4: Denied. Subject to agreement between parties stated above.

- **Request for Production 4: Denied.**
    - Objection 3: Denied. See Request for Production 1
    - Objection 4: Denied. Subject to agreement between parties stated above.
- **Request for Production 5: Denied.**
    - Objection 3: Denied. See Request for Production 1
    - Objection 4: Denied. Subject to agreement between parties stated above.
- **Request for Production 6: Denied.**
    - Objection 1: Denied. The sale of batteries by LG, parent companies, subsidiaries, affiliate corporations, agents, and contractors on LG's behalf within the state of Kentucky are relevant to proving LG's contacts with Kentucky. *See* Fortis v. Viken Ship, 450 F.3d 214, 220 (6th Cir.) ("In the non-shipping context, we have repeatedly held, as have other courts, that a defendant's interposition of an independent middleman between itself and the forum does not by itself place the defendant outside of that forum's reach.") *See also*, Tobin v. Astra Pharm., 993 F. 2d 529, 544 (6th Cir. 1993) ("The defendant cannot expect to rely solely on the use of an independent distributor to insulate it from suit").
    - Objection 3: Denied.
    - Objection 4: Denied. Subject to agreement between parties stated above.
- **Request for Production 7: Denied.**
    - Objection 1: Denied. See Request for Production 6.
    - Objection 3: Denied.
    - Objection 4: Denied. Subject to agreement between parties stated above.
- **Request for Production 8: Granted.**
    - Objection 1: Granted. Whether LG batteries had "cosmetic flaws" when sold is irrelevant to the jurisdictional question at issue.
    - Objection 3: Denied.
    - Objection 4: Denied. Subject to agreement between parties stated above.
- **Request for Production 9: Granted.**
    - Objection 1: Granted. Whether LG batteries had "cosmetic flaws" when sold is irrelevant to the jurisdictional question at issue.
    - Objection 3: Denied.
    - Objection 4: Denied. Subject to agreement between parties stated above.
- **Request for Production 10: Granted.**
    - Objection 1: Granted. Whether LG batteries had "cosmetic flaws" when sold is irrelevant to the jurisdictional question at issue.

- o Objection 3: Denied.

- o Objection 4: Denied. Subject to agreement between parties stated above.
- **Request for Production 11: Granted.**
  - o Objection 1: Granted. Whether LG batteries had "cosmetic flaws" when sold is irrelevant to the jurisdictional question at issue.

  - o Objection 3: Denied.

  - o Objection 4: Denied. Subject to agreement between parties stated above.
- **Request for Production 12: Denied.**
  - o Objection 1: Granted. Whether LG batteries had "cosmetic flaws" when sold is irrelevant to the jurisdictional question at issue.

  - o Objection 3: Denied.

  - o Objection 4: Denied. Subject to agreement between parties stated above.
- **Request for Production 13: Denied.**
  - o Objection 3: Denied. See Request for Production 1

  - o Objection 4: Denied. Subject to agreement between parties stated above.
- **Request for Production 14: Denied.**
  - o Objection 3: Denied. See Request for Production 1

  - o Objection 4: Denied. Subject to agreement between parties stated above.
- **Request for Production 15: Denied.**
  - o Objection 3: Denied. See Request for Production 1

  - o Objection 4: Denied. Subject to agreement between parties stated above.
- **Request for Production 16: Denied.**
  - o Objection 3: Denied. See Request for Production 1

  - o Objection 4: Denied. Subject to agreement between parties stated above.
- **Request for Production 17: Denied.**
  - o Objection 3: Denied. See Request for Production 1
- **Request for Production 18: Denied.**
  - o Objection 4: Denied. Subject to agreement between parties stated above.
- **Request for Production 19: Denied.**
  - o Objection 4: Denied. Subject to agreement between parties stated above.
- **Request for Production 20: Denied.**
  - o Objection 4: Denied. Subject to agreement between parties stated above.
- **Request for Production 21: No objections.**
- **Request for Production 22: No objections.**
- **Request for Production 23: No objections.**
- **Request for Production 24: No objections.**

- **Request for Production 25: Denied**
    - Objection 1: Denied. This request is limited to LG's business activities in the Commonwealth of Kentucky. Tests, studies, or analysis conducted by LG or on its behalf within the state of Kentucky is relevant to determining if Plaintiff can satisfy the "stream of commerce plus" test. *See* <u>Asahi Metal Industry Company, Ltd. v. Superior Court</u>, 480 U.S. 102, 107 (1987) (O'Connor, J.) (plurality op.) *See also*, <u>Bridgeport Music, Inc. v. Still N The Water Pub.</u>, 327 F.3d 472 (6th Cir. 2003) (adopting stream of commerce plus test).
- **Request for Production 26: Denied.**
    - Objection 4: Denied. Subject to agreement between parties stated above.
- **Request for Production 27: Denied.**
    - Objection 2: Denied. The request is appropriately limited to markets in Kentucky, regions containing Kentucky, or the entire United States.

    - Objection 4: Denied. Subject to agreement between parties stated above.
- **Request for Production 28: Denied.**
    - Objection 1: Denied. See Request for Production 1

    - Objection 2: Denied. The request is limited to sales in Kentucky, a region that includes Kentucky, or the entire United States (DN 54-1 PageID # 2206).

    - Objection 4: Denied. Subject to agreement between parties stated above.
- **Request for Production 29: Granted.**
    - Objection 1: Granted. Internal investigations are not relevant to determining if LG targeted its products toward Kentucky.
- **Request for Production 30: Granted.**
    - Objection 1: The issuance of cease and desist letters is not relevant to determining personal jurisdiction.
- **Request for Production 31: Granted.**
    - Objection 1: The issuance of cease and desist letters is not relevant to determining personal jurisdiction.
- **Request for Production 32: Granted in part.**
    - Objection 1: Statements of compliance with individual laws are only relevant to Kentucky, the forum state.
- **Request for Production 33: Granted in part.**
    - Objection 1: Statements of compliance with individual laws are only relevant to Kentucky, the forum state.
- **Request for Production 34: Denied.**
    - Objection 4: Denied. Subject to agreement between parties stated above.
- **Request for Production 35: Granted in part.**
    - Objection 2: Denied. The request is appropriately limited to contacts within Kentucky.

    - Objection 3: Granted in part. This request should be limited to LG Ltd.

    - Objection 4: Denied. Subject to agreement between parties stated above.

- **Request for Production 36: Granted.**
    - Objection 1: The request is overbroad. LG's contacts with Amazon are not relevant to determining jurisdiction.
- **Request for Production 37: Granted.**
    - Objection 1: The request is overbroad. LG's contacts with Amazon are not relevant to determining jurisdiction.
- **Request for Production 38: Granted in part.**
    - Objection 3: Granted in part. *The request should be limited to Lg Ltd.'s employees and subsidiaries.*
    - Objection 4: Denied. Subject to agreement between parties stated above.
    - Objection 5: Denied. The request does not seek any information related to LG's products, but business activities within the Commonwealth of Kentucky.
- **Request for Production 39: Granted in part.**
    - Objection 3: Granted in part. *The request should be limited to Lg Ltd.'s employees and subsidiaries.*
    - Objection 4: Denied. Subject to agreement between parties stated above.
    - Objection 5: Denied. The request does not seek any information related to LG's products, but business activities within the Commonwealth of Kentucky.
- **Request for Production 40: Granted**
    - Objection 3: Granted in part. *The request should be limited to Lg Ltd.'s employees and subsidiaries.*
    - Objection 4: Denied. Subject to agreement between parties stated above.
    - Objection 5: Granted. The <u>consideration</u> of possible construction of offices or other business-related construction in Kentucky is irrelevant.
- **Request for Production 41: Granted in part.**
    - Objection 1: Granted in part. The request should be limited to lawsuits. Courts have routinely permitted discovery of prior lawsuits against a defendant. See <u>Burrell v. Duhon, No. 5:18-CV-00141-TBR-LLK, 2019 WL 4918771, at *4 (W.D. Ky. Oct. 4, 2019)</u>. Records in prior lawsuits are reasonably calculated to lead to the discovery of evidence relevant to the question of jurisdiction.
    - Objection 2: Denied. See Objection 1.
    - Objection 3: Granted in part. The request should be limited to LG Ltd.
    - Objection 4: Denied. Subject to agreement between parties stated above.

**REQUESTS FOR ADMISSION**

- **Request for Admission 1: No objection**
- **Request for Admission 2: Denied**
    - Objection 3: Denied. The request is appropriately limited to LG Ltd.
    - Objection 4: Denied. Subject to agreement between parties stated above.
    - Objection 5: Denied.
- **Request for Admission 3: No objection**
- **Request for Admission 4: Denied.**
    - Objection 5: Denied. The existence and function of a website maintained by LG and accessible in Kentucky is relevant to determining jurisdiction
- **Request for Admission 5: Denied.**
    - Objection 2: Denied. The manufacture, distribution, and sales, of LG batteries for distribution in distribution in the United States, whether distributed by LG, or sold by another entity it relevant to determining if LG "purposefully availed" itself of the entire United States market, including Kentucky. See Tobin v. Astra Pharm. Prod., Inc., 993 F.2d 528, 543 (6th Cir. 1993).
- **Request for Admission 6: Denied.**
    - Objection 1: Denied. Whether LG Ltd. placed 18650 batteries in the United States stream of commerce is relevant to determining jurisdiction.
- **Request for Admission 7: Denied**
    - Objection 1: Denied
- **Request for Admission 8: No objections**
- **Request for Admission 9: Granted**
    - Objection 1: Granted. Representations that LG batteries complied with regulations in "all 50 states" is not relevant to determining jurisdiction.

    - Objection 2: Granted.
- **Request for Admission 10:**
    - Objection 1: Denied. LG's representations that 18650 batteries complied with the laws and regulations of Kentucky is relevant to establishing contacts with the forum.
- **Request for Admission 11:**
    - Objection 2: Denied. The sale of batteries by LG, parent companies, subsidiaries, affiliate corporations, agents, and contractors on LG's behalf within the state of Kentucky are relevant to proving LG's contacts with Kentucky.  See Fortis v. Viken Ship, 450 F.3d 214, 220 (6th Cir. 2006) ("In the non-shipping context, we have repeatedly held, as have other courts, that a defendant's interposition of an independent middleman between itself and the forum does not by itself place the defendant outside of that forum's reach.") See also, Tobin v. Astra Pharm., 993 F. 2d 529, 544 (6th Cir. 1993) ("The defendant cannot expect to rely solely on the use of an independent distributor to insulate it from suit").

- **Request for Admission 12: Denied.**
    - Objection 1: Denied. See Request for Admission 11.
- **Request for Admission 13: Denied**
    - Objection 1: Denied. See Request for Admission 11.
- **Request for Admission 14: Granted in part.**
    - Objection 1: Granted. The request is overbroad. It should be limited to Kentucky.
- **Request for Admission 15: Denied.**
    - Objection 1: Denied. See Request for Admission 11.
- **Request for Admission 16: Granted in part.**
    - Objection 1: Denied.
    - Objection 2: Granted in part. *The request should be limited to distributors within Kentucky.*
- **Request for Admission 17: Denied.**
    - Objection 1: Denied. See Request for Admission 11.
- **Request for Admission 18: Granted in part.**
    - Objection 1: Denied. See Request for Admission 11.
    - Objection 2: Granted in part. *The request should be limited to consumers in Kentucky.*
- **Request for Admission 19: Granted in part.**
    - Objection 1: Denied
    - Objection 2: Granted in part. *The request should be limited to consumers in Kentucky.*
- **Request for Admission 20: Denied**
    - Objection 1: Denied. See Request for Admission 11.
- **Request for Admission 21:**
    - Objection 2: Granted in part. *The request should be limited to consumers in Kentucky.*
- **Request for Admission 22: No objections**
- **Request for Admission 23: Denied**
    - Objection 1: Denied. See Request for Admission 11.
- **Request for Admission 24:**
    - Objection 1: Denied. See Request for Admission 11.
    - Objection 2: Granted in part. *The request should be limited to consumers in Kentucky.*
- **Request for Admission 25: Denied**
    - Denied. See Request for Admission 11.
- **Request for Admission 26: Granted**
    - Objection 2: Granted. The request should be limited to Kentucky.
- **Request for Admission 27: No objections.**
- **Request for Admission 28: Denied.**
    - Objection 1: Denied. Whether consumers in the United States could buy LG 18650 batteries online is relevant to the question of jurisdiction.
- **Request for Admission 29: Denied**

- o Objection 1: Denied. Whether consumers in the United States did buy LG 18650 batteries is relevant to the question of jurisdiction.

- **Request for Admission 30: Denied.**
    - o Objection 1: Denied. Whether consumers in Kentucky could buy LG 18650 batteries online is relevant to the question of jurisdiction.
- **Request for Admission 31: Granted.**
    - o Objection 1: Granted. The revenue derived from particular sales is not relevant to determining jurisdiction.
- **Request for Admission 32: Granted.**
    - o Objection 1: Granted. The revenue derived from particular sales is not relevant to determining jurisdiction.
- **Request for Admission 33: No objections.**
- **Request for Admission 34: Denied.**
    - o Objection 1: Denied. Whether consumers could buy LG 18650 batteries in Kentucky stores is relevant to determining jurisdiction.
- **Request for Admission 35: Denied.**
    - o Objection 1: Denied. Whether consumers did buy LG 18650 batteries in Kentucky stores is relevant to determining jurisdictions.
- **Request for Admission 36: Denied.**
    - o Objection 1: Denied. See Request for Admission 11.
- **Request for Admission 37: No objections.**
- **Request for Admission 38: Granted in part.**
    - o Objection 2: Granted in part. *The request should be limited to revenue from sales in Kentucky.*
- **Request for Admission 39: No objections.**
- **Request for Admission 40: Granted in part.**
    - o Objection 2: Granted in part. The request should be limited to sales in Kentucky, a region containing Kentucky, or the entire United States.
- **Request for Admission 41: Denied.**
    - o Objection 2: See Request for Admission 11.
- **Request for Admission 42: No objections.**