## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

**CIVIL ACTION NO: 4:19-CV-00149-JHM**

**CHAD BULLOCK**                                              **PLAINTIFF**

**V.**

**OTTO IMPORTS, LLC, et al.**                          **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant LG Chem Co., Ltd.'s Objections to the Magistrate Judge's Amended Memorandum Opinion and Order [DN 76] and LG Chem's Renewed Motion to Dismiss for Lack of Personal Jurisdiction [DN 61]. Fully briefed, this matter is ripe for decision.

### I. BACKGROUND

Plaintiff Chad Bullock alleges that he was injured from rewrapped LG lithium-ion batteries that he purchased from Defendant Otto Imports, LLC. [DN 1-2 at 19–20]. In response to LG Chem's Motion to Dismiss, the Court granted discovery limited to the personal jurisdiction issue. [DN 43]. Bullock later served LG Chem with several written discovery requests. [DN 76-1, DN 76-2, DN 76-3]. LG Chem objected to many of the requests. [*Id.*]. The Magistrate Judge granted in part and denied in part LG Chem's Motion for Protective Order. [DN 75]. He also granted in part and denied in part Bullock's Motion to Compel. [*Id.*]. LG Chem now objects to the Magistrate Judge's Amended Memorandum Opinion and Order. [DN 76].

### II. STANDARD OF REVIEW

A party may submit objections to a magistrate judge's ruling on nondispositive matters such as discovery orders. FED. R. CIV. P. 72(a). The district court reviews an order by a magistrate

judge on a nondispositive matter under the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a).

### III. DISCUSSION

LG Chem objects on several grounds and the Court addresses each in turn.  First, LG Chem argues that the Magistrate Judge erred by requiring it to respond to Bullock's merit-based requests. [DN 76 at 10].  The requests at issue here are the following: Interrogatory Nos. 5–8, 13–14, 18, 21–22; Requests for Production Nos. 6–7, 25, 28, 32–33, 41; and Requests for Admission Nos. 6–7, 10, 12–20, 23, 24–25, 28–30, 34–36.  [*Id.*].

The Court will begin by discussing Interrogatory No. 14.  The Magistrate Judge granted LG Chem's objection to Interrogatory No. 14.  [DN 75 at 10].  Despite the Magistrate Judge granting LG Chem's objection to the interrogatory, LG Chem contends that the Magistrate Judge erroneously overruled its objection.  [DN 76 at 10].  This appears to be a mistake by LG Chem. However, when Defendant LG Chem America, Inc. (LGCAI) previously objected to essentially the same interrogatory [DN 52-1 at 23, DN 52 at 9 n.3], this Court denied the objection [DN 56 at 4].  The Court sees no justification for a different ruling on LG Chem's objection to Interrogatory No. 14.  So, LG Chem must answer Interrogatory No. 14 for the same reason that LGCAI was required to respond to it.  [*See* DN 56 at 4].  Regarding the rest of the Magistrate Judge's rulings on the requests at issue here, his rulings were not contrary to law.

Second, LG Chem argues that the Magistrate Judge erred by ordering it to produce information regarding business activities throughout the United States.  [DN 76 at 12].  The requests at issue here are the following: Interrogatory Nos. 4–9, 12, 18; Requests for Production Nos. 27–28, 35, 41; Requests for Admission Nos. 5, 11, 40.  [*Id.*].  LG Chem contends that the Magistrate Judge's reliance on *Bridgeport Music, Inc. v. Still N The Water Publ'g*, 327 F.3d 472

(6th Cir. 2003) and *Parker v. Winwood*, 938 F.3d 833, 835 (6th Cir. 2019) is misplaced.  [*Id.* at 13]. The Court disagrees because of the reasons the Magistrate Judge articulated in his Amended Memorandum Opinion and Order.  [DN 75 at 3–4].

Furthermore,  LG Chem argues that "the Magistrate Judge should have considered LG Chem's discovery responses—which confirmed that during the four years preceding the alleged incident, LG Chem did not direct any activities to Kentucky related to LG 18650 battery cells— before concluding the LG Chem should be subject to any further burden of discovery."  [DN 76 at 15].  LG Chem's responses do not make the discovery that Bullock's seeks on personal jurisdiction unwarranted.  Nor does LG Chem's assertion that its "responses show that it did not sell, distribute, or ship cells to California-retailer Otto Imports, **nor to anyone in Kentucky or anyone <u>outside</u> Kentucky with knowledge that the cells were intended to be later distributed or sold to anyone in Kentucky**."  [DN 76 at 15].

The Magistrate Judge also properly relied on *Burrell v. Duhon*, No. 18-CV-00141, 2019 WL 4918771 (W.D. Ky. Oct. 4, 2019) for support that records in prior lawsuits are reasonably calculated to lead to the discovery of evidence relevant to jurisdictional issues.  After reviewing the discovery requests at issue, the Court finds that the Magistrate Judge's rulings were not contrary to law here.

Third, LG Chem argues that the Magistrate Judge erred by ordering it to produce information postdating the accident.  [DN 76 at 16].  The requests at issue here are the following: Interrogatory Nos. 1–9, 11–12, 15–20; Requests for Production Nos. 2–16, 18–20, 26– 28, 34, 38–41; and Requests for Admission No. 2.  [*Id.*].  LG Chem makes two points.  First, it asserts that the "Magistrate Judge's Order did not address the legal authority cited by LG

Chem . . . ."  [*Id.*].  Second, it contends that the Magistrate Judge did not offer a basis for using a time period of one year postdating the incident.  [*Id.*].

LG Chem relies on two cases— *Ceasars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51 (Ky. 2011) and *Steel v. United States*, 813 F.2d 1545 (9th Cir. 1987)—to support its position that it should not have to produce information postdating the accident.  [*Id.*].  Those cases do not foreclose the Magistrate Judge's reasoning that "sales or distribution in the immediate aftermath of the incident would be relevant to sales agreements, distribution agreements, and marketing efforts before the incident [] especially considering the lenient relevancy standard applied to discovery."  [DN 75 at 6].  Also, LG Chem has not shown that the Magistrate Judge's decision to use a time period of one year postdating the incident is contrary to law.  The Magistrate Judge's rulings on the requests at issue here were not contrary to law.

Finally, LG Chem argues that the Magistrate Judge erred by ordering LG Chem to produce information regarding unrelated business activities in Kentucky.  [DN 76 at 17].  The requests at issue are Interrogatory Nos. 16–17, 20; Requests for Production Nos. 38, 39, 40; and Requests for Admission Nos. 2, 4.  [*Id.*].  LG Chem takes issue with the Magistrate Judge's ruling that "no request will be limited to the extent it seeks 'information about LG physical presence in Kentucky.'"  [DN 75 at 6].  The Court is not persuaded that this ruling is contrary to law. Therefore, the Magistrate Judge's specific rulings on the requests at issue here were not contrary to law.

Also, LG Chem's Renewed Motion to Dismiss [DN 61] is premature considering the ongoing discovery dispute.  Therefore, LG Chem's Renewed Motion to Dismiss is **denied with leave to refile**.

**IV. CONCLUSION**

For the reasons set forth above, **IT IS HEREBY ORDERED** that LG Chem's Objections to the Magistrate Judge's Amended Memorandum Opinion and Order [DN 76] are **OVERRULED**. **LG Chem must answer the designated discovery requests in the Magistrate Judge's Order 60 days from the filing of this opinion.** LG Chem's Renewed Motion to Dismiss for Lack of Personal Jurisdiction [DN 61] is **DENIED WITH LEAVE TO REFILE** after the discovery period has ended.

Joseph H. McKinley Jr., Senior Judge
United States District Court

September 23, 2020

cc: counsel of record