UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CHAD BULLOCK                                                        PLAINTIFF

v.                                                        No. 4:19-cv-149-BJB

OTTO IMPORTS, LLC, ET AL.                                          DEFENDANTS

* * * * *

MEMORANDUM OPINION & ORDER

   Chad Bullock alleges that he was burned by exploding Samsung lithium-ion batteries he bought for his electronic cigarette from Otto Imports, LLC's Amazon webstore. Complaint (DN 1-2) ¶¶ 44, 48–49. According to Bullock's Complaint, LG Chem Co., Ltd. ("LG Chem") and LG Chem America, Inc. ("LGCAI") designed and manufactured the batteries. ¶¶ 4, 10, 50. But according to declarations filed by representatives of both companies, neither has ever sold these batteries in Kentucky or done business with Otto Imports. Ryu Declaration (DN 88-1) ¶¶ 18–19; Kim Declaration (DN 89-1) ¶¶ 12, 15.

   Originally filed in Kentucky state court, Bullock's lawsuit raised negligence and products-liability claims against Otto Imports, LG Chem, and LGCAI. Compl. ¶¶ 51–116. The LG defendants removed to federal court and moved to dismiss the claims against them for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). *See* LGCAI MTD (DN 6); LG Chem MTD (DN 10). After completing discovery this Court ordered on the issue of personal jurisdiction, the LG defendants renewed their motions. *See* LG Chem Second MTD (DN 88); LGCAI Second MTD (DN 89).

   A federal court sitting in diversity "may exercise personal jurisdiction over an out-of-state defendant only if a court of the forum state could do so." *Aristech Chem Intern. Ltd. v. Acrylic Fabricators Ltd.*, 138 F.3d 624, 627 (6th Cir. 1998). When assessing personal jurisdiction, Kentucky courts first apply the state's long-arm statute, then federal due process standards. *Hinners v. Robey*, 336 S.W.3d 891, 895 (Ky. 2011); *see* KRS § 454.210(2)(a).

   **1. Kentucky's Long-arm Statute.** Kentucky's long-arm statute permits a court to "exercise personal jurisdiction over a person who acts directly ... as to a claim arising from" certain enumerated activities. KRS § 454.210(2)(a)(1)–(9). Bullock argues the first four subsections support personal jurisdiction here. Opp. to LGCAI (DN 92) at 6–7; Opp. to LG Chem (DN 93) at 8–9.

1

None of these provisions support personal jurisdiction over LG Chem or LGCAI. The record shows neither company "[t]ransact[ed] any business in [Kentucky]" or "[c]ontract[ed] to supply services or goods in [Kentucky]." § 454.210(2)(a)(1)–(2). In a similar products-liability action, a federal court rejected personal jurisdiction under subsection 3 when the product designer and manufacturer did not "perform[] any act or omission outside of Japan that caused tortious injury." *Holbrook v. Mazda Motor Corp.*, No. 6:17-244, 2018 WL 1571905, at *10 (E.D. Ky. Mar. 30, 2018); *see also Crum v. Estate of Mayberry*, No. 14-cv-84, 2014 WL 7012122, at*4–5 (E.D. Ky. Dec. 11, 2014) ("[A] defendant must be present in the Commonwealth when he starts an action that causes a tort in order for section 454.210(2)(a)(3) to apply." (citing *Pierce v. Serafin*, 787 S.W.2d 706 (Ky. Ct. App. 1990)). Lastly, subsection 4, which extends to tortious injury caused by one who "regularly does or solicits business" within Kentucky does not apply. § 454.210(2)(a)(4). No evidence offered by the parties indicates that either entity "does or solicits business," "engages in any other persistent course of conduct," or derives substantial revenue from goods … or services" in Kentucky. *Id.*

**2. Federal Due Process.** Even if Kentucky's long-arm statute reached the defendants' conduct, the Court's exercise of personal jurisdiction over the LG defendants must comply with federal due process standards. *Hinners*, 336 S.W.3d at 895. The Supreme Court has recognized two types of personal jurisdiction under the Fourteenth Amendment's Due Process Clause: general and specific. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918–19 (2011). Bullock argues for specific jurisdiction only. *See* Opp. to LG Chem pp. 9–14; Opp. to LGCAI pp. 3–11.

For the Court to exercise specific jurisdiction here, LG Chem and LGCAI must have "purposely avail[ed]" themselves "of the privilege of conducting activities within" Kentucky, "thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *see Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). Additionally, Bullock's claims must "aris[e] out of or relat[e] to" those contacts with Kentucky. *Bristol-Myers Squibb Co. v. Superior Ct. of Cal*, 137 S. Ct. 1773, 1780 (2017) (quotation omitted).

Bullock hasn't pointed to any evidence showing the LG defendants "purposely availed" themselves of Kentucky's law or markets. *See* Opp. to LG Chem at 3–8; Opp. to LGCAI at 3–6. He rests on four purported contacts: LGCAI's business registration in Kentucky, the publication of an online safety guide, LG Chem's membership in a lobbying group, and payments for warehousing services. *See* Opp. to LG Chem at 3–8; Opp. to LGCAI at 3–6. None suffices.

First, courts consistently recognize that state business registration alone does not establish specific jurisdiction under the federal Constitution. *See, e.g., Stuart v. Lowe's Home Centers,* No. 4:17-cv-77, 2017 WL 4875281, at *2 (W.D. Ky. Oct. 27, 2017) (registration does not show "the claim arose from [the defendant's] actions.")

*aff'd* 737 F. App'x 278 (6th Cir. 2018). Similarly, Bullock cites no authority explaining how the battery safety guide on LGCAI's website or LG Chem's membership in the Portable Rechargeable Battery Association (neither of which appears tailored to Kentucky in any way) constitutes "purposeful availment" in Kentucky. *See* Opp. to LG Chem at 4–6 (citing PRBA Member List (DN 93-7) and LGCAI Battery Guide (DN 92-4)); Opp. to LGCAI at 4–5; *see Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 890–91 (6th Cir. 2002) ("The level of contact with a state that occurs simply from the fact of a website's availability … falls short of purposeful availment.") Finally, although LGCAI admits it "pays warehousing service fees" for a third-party warehousing facility, the record indicates that warehouse never housed lithium-ion batteries. Kim Supplemental Declaration (DN 89-2) at ¶ 4. Because that contact is unrelated to Bullock's case, it could support only general jurisdiction, not specific. "[T]he mere presence of property in a State does not establish a sufficient relationship between the owner of the property and the State to support the exercise of jurisdiction over an unrelated cause of action." *Conn v. Zakharov*, 667 F.3d 705, 719 (6th Cir. 2012) (quoting *Rush v. Savchuk*, 444 U.S. 320, 328 (1980)).

The Sixth Circuit precedent Bullock cites does not redeem his position. Those decisions all involved defendants that had engaged in claim-related conduct within the forum states. *Fortis Corporate Ins. v. Viken Ship Mgmt.*, 450 F.3d 214 (6th Cir. 2006) (delivery of rusted coils to Ohio); *Mott v. Schelling & Co.*, No. 91-1540, 1992 WL 116014, at *5–6 (6th Cir. May 29, 1992) (installation of machinery in Michigan). Here, the only defendant that directed claim-related conduct towards Kentucky was Otto Imports (which hasn't challenged this Court's personal jurisdiction over it). But "[p]ersonal jurisdiction must be analyzed and established over each defendant independently." *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 904 (6th Cir. 2006). Bullock has failed to show LG Chem or LGCAI did more than merely "place[] … a product into the stream of commerce," which is insufficient. *Bridgeport Music, Inc. v Still N The Water Publishing*, 327 F.3d 472, 479 (6th Cir. 2003) (quoting *Asahi Metal Indus. Co., Ltd. v. Superior Court*, 480 U.S. 102, 112 (1987) (O'Connor, J.) (plurality op.)).

The Supreme Court's recent decision in *Ford Motor Company v. Montana Eighth Judicial District Court* is consistent with a determination that this Court lacks personal jurisdiction. 141 S. Ct. 1017 (2021). There, the Supreme Court recognized that even though the plaintiffs bought their cars in states other than the forum states, Ford had sufficient contacts for state courts to exercise personal jurisdiction because the company advertised and marketed identical vehicles in the forum states. *Id.* at 1026–30 (rejecting "a strict causal relationship between the defendant's in-state activity and the litigation"). In this case, however, neither LG Chem or LGCAI market their batteries in Kentucky. LG Chem Interrog. Answers (DN 88-3) at 2; Kim Declaration ¶ 12. The LG defendants explain that they lack *any contacts whatsoever*, let alone any "causal relationship" between contacts that "relate[]" to Bullock's injury. *See Ford*, 141 S. Ct. at 1026.

3

**3. Request to Transfer.**   Alternatively, Bullock asks the Court to transfer this case to California, Delaware, or Georgia rather than simply dismissing it.  Under 28 U.S.C. § 1406(a), "if it be in the interest of justice," a district court may transfer a case "in the wrong division or district … to any district or division in which it could have been brought."  *See Martin v. Stokes*, 623 F.2d 469, 474 (6th Cir. 1980) (applying § 1406(a) to jurisdictional defects).  While the transferor court needn't have personal jurisdiction, *see Pittcock v. Otis Elevator Co.*, 8 F.3d 325, 329 (6th Cir. 1993), the transferee court must "have personal jurisdiction with respect to each defendant." *Flynn v. Greg Anthony Constr. Co., Inc.*, 95 F. App'x 726, 739 (6th Cir. 2003).  Bullock does not explain how a court in California, Delaware, or Georgia could properly exercise personal jurisdiction over LG Chem, LGCAI.  And he doesn't address this Court's undisputed personal jurisdiction over Otto Imports, nor whether any of his proposed transferee courts would have jurisdiction over Otto.   Under these precedents, therefore, Bullock hasn't showed how "the interest[s] of justice" would support transferring this case.  § 1406(a),

## ORDER

The Court grants LG Chem and LGCAI's renewed motions to dismiss for lack of personal jurisdiction (DN 88; DN 89).

Benjamin Beaton, District Judge

United States District Court

March 29, 2022